**M. Marie LERCH, Debtor–Appellant,**

v.

**FEDERAL LAND BANK OF ST. LOUIS, Appellee.**

**No. 88 C 20131.**

United States District Court,
N.D. Illinois, W.D.

Jan. 4, 1989.

Terra A. Zelinski, Arens & Alexander, Fayetteville, Ark., for debtor-appellant.

Daniel M. Donahue, Clark, McGreevy & Johnson, Rockford, Ill., for appellee.

## MEMORANDUM OPINION
## AND ORDER

ROSZKOWSKI, District Judge.

This action comes before the Court on appeal from the United States Bankruptcy Court, Northern District of Illinois, Western Division. In the decision below, United States Bankruptcy Judge Richard N. De-Gunther ordered the case dismissed with prejudice for a period of two years. For the reasons set forth below, the decision of the bankruptcy court is affirmed.

## BACKGROUND

On February 11, 1987, Robert E. Lerch and M. Marie Lerch filed for relief under Chapter 12 of the Bankruptcy Code (hereinafter the "Code") in the Northern District of Illinois, Western Division. The debtors owned and farmed a 120–acre farm in Stephenson County, Illinois, and a 105–acre farm in Winnebago County, Illinois. The debtors also leased and farmed an additional 646–acre farm.

The debtors had three major secured creditors: Metropolitan Life Insurance Company (MLIC) held a first mortgage on the Debtor's Stephenson County Farm; Federal Land Bank of St. Louis (FLBSL) held a first mortgage on the debtor's farm in Winnebago County; and First National Bank of Freeport (FNBF) held a second mortgage on the farm in Stephenson County, a first lien on machinery and equipment, and a security interest in the debtor's 1986 crops. There were also five additional parties claiming some interest: four landlords claimed liens in the debtor's 1986 crops and a supplier, Lerch Farm Supply (LFS), claimed a mechanic's lien in the 1986 crops.

At the time the bankruptcy was filed, the debtors held checks totaling $110,872.44 from the Agricultural Stabalization and Conservation Service (ASCS) from sealing their 1986 crops, made payable to debtors, FNBF, and the four landlord lienholders. The bankruptcy court ordered that these checks be deposited and held in a segregated cash collateral account until such time as the court had determined the priorities of the creditors in these monies. The debt-ors were given access to some of these monies pursuant to a March 30, 1987 Order issued by the bankruptcy court in order to facilitate debtor's 1987 crop.

Various motions and responses were then entertained by the bankruptcy court in order to determine the priorities of the various secured creditors and lienholders. On June 11, 1987, the bankruptcy court issued a Memorandum Opinion and Order holding that MLIC had a first lien on the Stephenson County farm in the amount of $132,000.00 less the value of a 30,000 bushel grain bin. MLIC filed a motion to reconsider and additional motions by all the creditors were filed regarding post-petition crops and other Plan of Reorganization issues.

On August 5, 1987, the bankruptcy court issued its Memorandum Opinion and Order on MLIC's motion to reconsider and reversed its earlier ruling on the 30,000 bushel grain bin—holding that it was a fixture and that MLIC's mortgage did attach to the bin. As to the cash collateral account and the proceeds of the "Degner Farm," further proceedings were necessary.

Between August 26, 1987, and February 8, 1988, various attempts were made by the bankruptcy court to get a confirmation order which all the creditors agreed to. Prior to a confirmation hearing on September 21, 1987, debtors Robert E. and M. Marie Lerch dismissed their attorney David Shair, and employed substitute counsel, Robert Schnitzler.

On November 2, 1987, a Plan of Reorganization was confirmed by the bankruptcy court which incorporated the various changes requested by and circulated to the various parties involved. However, on December 1, 1987, debtor Robert E. Lerch passed away. On December 21 and 28, 1987, and again on January 4, 1988, debtor M. Marie Lerch appeared without counsel. Sometime following the January 4, 1988 hearing, debtor M. Marie Lerch was notified by the trustee in bankruptcy that her attorney had withdrawn from the case (in fact, he had been suspended from the practice of law for the months of January and February, 1988) and had requested an in-

definite continuance to give debtor time to retain new counsel. The creditors stated that debtor's counsel had failed to respond to any correspondence but debtor's son stated that in a conversation Mr. Schnitzler stated he would be at the January 4, 1988 hearing. Nonetheless, debtor was given until January 25, 1988 to retain new counsel in the case.

On February 8, 1988, debtor, through newly retained counsel Mark Merritt, requested that the case be dismissed voluntarily pursuant to Code § 1208(b). The bankruptcy court dismissed the case but allowed 10 days for the filing of any § 349 motions with the court and retained jurisdiction for purposes of hearing any § 349 motions. On February 17, 1988, FLBSL filed a motion to amend the dismissal order so that the case would be dismissed with prejudice for a period of two years. The debtor objected to this motion suggesting (1) the court was without jurisdiction to dismiss the case with prejudice for longer than 180 days, and (2) the facts of the case did not constitute "cause" under the language of 11 U.S.C. § 349(a).

In a Memorandum Opinion and Order of March 17, 1988, 85 B.R. 491, the bankruptcy court ruled that the case should be dismissed with prejudice for a period of two years. This appeal to the United States District Court, Northern District of Illinois, Western Division, followed.

This appeal raises two issues: First, did the United States Bankruptcy Court have jurisdiction to dismiss the case with prejudice pursuant to Code § 349(a) for a period in excess of 180 days allowed by the Code in § 109(g) [formerly § 109(f)]; and second, were there circumstances in the present case which constituted "cause" as required by Bankruptcy Code § 349(a)?

## DISCUSSION

Petitioner in this case argues that Code § 105(a) gives the trial judge broad discretion to issue orders which are necessary or appropriate, but that the bankruptcy judge's discretion is not unbridled and in this particular case Judge DeGunther's discretion was limited by the express mandates of Code §§ 349(a) and 109(g). This Court disagrees.

Section 105(a) of the Code provides the following:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders. or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a) (Supp. III 1985). Section 349(a) of the Code further provides that:

[u]nless the court for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge in a later case under this title, of debts that were dischargeable in the case dismissed; nor does dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in Section 109(f) of this title.

11 U.S.C. § 349(a) (Supp. III 1985) (the statute's reference to Section 109(f) was apparently an oversight on the part of the drafters of the legislation—as current Code § 109(g) was formerly Code § 109(f) and Code § 349(a) obviously meant to refer to current Code § 109(g)). Finally, Code § 109(g) provides as follows:

Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained a voluntary dismissal of the case following the filing of a request for relief from the

automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g) (Supp. III 1985).

■ Debtor-appellant correctly points out that the bankruptcy court's powers, while broad, are not limitless, and do not allow the bankruptcy court to override specific mandates of other sections of the Code. However, debtor-appellant is incorrect in her conclusion that the actions of Bankruptcy Judge DeGunther in this case did, in fact, override any specific or explicit mandates of any other sections of the Bankruptcy Code.

■ Section 349(a) of the Code does not allow the bankruptcy court to bar discharging in a later case debts that were dischargeable in the dismissed action, and does not allow for dismissal with prejudice except as provided under Section 109(g) *"unless the court for cause, orders otherwise...."* 11 U.S.C. § 349(a) (Supp. III 1985) (emphasis added). The clear meaning of this statutory reference under the Code is that unless the court "for cause, orders otherwise," the court may not dismiss a case with prejudice for a period beyond the explicit 180–day limitation found in Section 109(g). In this case, however, that court appears to have based its dismissal with prejudice on a finding of cause. When the court has found cause for a dismissal with prejudice, the mandate of Section 109(g) is not applicable—at least to the extent that it merely provides a *minimum* amount of time before a case may be refiled, not a maximum period of time for which the bankruptcy court may dismiss a case with prejudice when there is a dismissal for cause.

Therefore, based on the foregoing, this Court holds that Section 349(a) is not modified or limited by Section 109(g) so long as the bankruptcy court "for cause, rules otherwise" and the bankruptcy court's dismissal of the case with prejudice for the two-year period falls under the "for cause" exception of Section 349(a).

■ The final question presented to this court for disposition on appeal, then, is whether Bankruptcy Judge DeGunther correctly found "cause" to dismiss the instant case with prejudice for a period of two years. The district court cannot set aside or disturb findings of fact unless they are clearly erroneous. *In re Pearson Bros. Co.,* 787 F.2d 1157 (7th Cir.1986); *In re AM International, Inc.,* 67 B.R. 79 (N.D.Ill. 1986) (the bankruptcy court's findings will be upheld unless no reasonable man could agree with the bankruptcy court's decision). On issues of law or mixed issues of law and fact, the district court is free to make an independent examination or substitute its judgment for that of the bankruptcy court. *In re United Home Loans, Inc.,* 71 B.R. 885 (W.D.Wash.1987); *In re Morweld,* No. G82–324 (W.D.Mich. February 1, 1984); *Matter of Lake in the Woods,* 10 B.R. 338 (E.D.Mich.1981).

■ The party seeking review in the district court of the bankruptcy court's determination bears the burden of proof. *In re Morweld, supra.*

■ In the instant case, the critical question at issue is whether Judge DeGunther had "cause" to dismiss the case with prejudice. Whether this is a pure question of fact or a mixed question of law and fact is not determinative, as the result will be the same using either standard of review.

This Court would not hesitate to find that a party's failure to file a confirmation order in a timely fashion, or actions by a party which have so confused or hampered the timely disposition of a bankruptcy action as to preclude the timely filing of a confirmation order, could constitute "cause" for a dismissal with prejudice as a matter of law. However, this Court need not go that far, for whether the specific instance of failure of this debtor to file a signed confirmation order when directed by the bankruptcy court to do so, or whether a series of events culminating in debtor's failure to have that order filed, served as the catalyst for the bankruptcy court's dismissal with prejudice, the difference in the particular reasons will not be dispositive. In *either* event, this court does not view the actions of the bankruptcy court to be clearly erroneous, or even of such a magnitude as to warrant the substitution of the

judgment of this Court for that of the bankruptcy court. This is especially true given the fact that the bankruptcy court was able to view firsthand the actions and statements of the parties, was able to view the conduct of those parties over an extended period of time, and, in light of the burden of proof being placed squarely on the debtor in this case, the record on appeal does not reflect that burden having been met by the debtor.

In addition, the bankruptcy court buttressed its finding of "cause" with some public policy and judicial economy rationales for the dismissal with prejudice. The bankruptcy court noted that:

> [i]n this Court's experience, if there is one area of bankruptcy law that Congress needs to address definitively, it is the problem inherent in serial filings (including the filing of a case under one chapter while a case under another chapter is pending). Section 109(g) only touches the tip of the abuseberg.

Memorandum Opinion and Order, 85 B.R. 491 (Bankr.N.D.Ill.1988) (DeGunther, J). While this court would not suggest that a bankruptcy judge has the power to inject into the law of bankruptcy what he believes Congress should legislate, Judge De-Gunther clearly has the power to use the discretionary power afforded to him by Code § 349(a) in order to determine that there was "cause" for a dismissal with prejudice, and to use his own factors to determine what may constitute "cause," so long as that determination does not constitute an abuse of discretion.

Therefore, in the instant case, the Court will not substitute its judgment for that of the bankruptcy court and further finds that there has been no abuse of discretion by the bankruptcy judge in the present case.

## CONCLUSION

For the reasons stated above, this Court affirms the actions of the United States Bankruptcy Court and this case is dismissed with prejudice for a period of two years as per the order of the bankruptcy court.