**In re Randy Arden FRIEOUF, Debtor.**

**Randy Arden FRIEOUF, Plaintiff–Appellant,**

v.

**UNITED STATES of America; Farm Credit Bank of Wichita, Defendants–Appellees.**

No. 90–6036.

United States Court of Appeals, Tenth Circuit.

July 10, 1991.

**1100**

William L. Needler of William L. Needler & Associates, Ltd., Ogallala, Neb. (Bruce E. Hammer as co-counsel, Blackwell, Okl.), for plaintiff-appellant.

Timothy D. Leonard, U.S. Atty., Kay D. Sewell, Asst. U.S. Atty., Oklahoma City, Okl., for defendant-appellee U.S.

G. Blaine Schwabe, III, and Kevin M. Coffey of Mock, Schwabe, Waldo, Elder, Reeves & Bryant, Oklahoma City, Okl., for defendant-appellee Farm Credit Bank of Wichita.

Before McKAY, SETH and SEYMOUR, Circuit Judges.

SETH, Circuit Judge.

Debtor Randy Arden Frieouf appeals a decision of the district court affirming the bankruptcy court's dismissal of his Chapter 11 petition with prejudice to the filing of any bankruptcy petition for a period of three years.[1] Debtor poses numerous challenges to the decisions of the bankruptcy and district courts. In our view, the pivotal question presented is whether the bankruptcy court had authority to deny debtor all access to bankruptcy relief for a period of three years.

I.

Debtor filed the underlying petition on September 20, 1985. In its initial stages, litigation in this case consisted almost entirely of motions by various creditors seeking relief from the automatic stay of 11 U.S.C. § 362(a). Debtor's exclusive 120–day period to file a plan of reorganization expired without any action being taken by debtor.

Debtor eventually submitted a plan on June 10, 1986. However, the plan was not accompanied by a disclosure statement as required under 11 U.S.C. § 1125(b). The bankruptcy court, on August 4, 1986, ordered debtor to file a disclosure statement by August 20, 1986, but debtor did not comply.

On June 30, 1987, the Federal Land Bank of Wichita (FLB) filed a motion to dismiss citing 11 U.S.C. § 1112(b)(2) and (3). Among the alleged grounds for dismissal were debtor's failure to effectuate a plan of reorganization or file a disclosure statement as ordered by the bankruptcy court, and debtor's overall unwillingness to prosecute this case in an expeditious manner. The bankruptcy court on September 4, 1987, set a hearing for October 6, 1987, to consider FLB's motion to dismiss. In response, debtor filed an amended plan of reorganization and a disclosure statement on September 15, 1987.

The October 6 hearing was held as scheduled and, at that time, FLB's motion to dismiss was withdrawn without prejudice to its being refiled. The bankruptcy court then set a hearing for December 8, 1987, to consider approval of debtor's disclosure statement. The December 8 hearing was also held as scheduled, and debtor was directed to amend his disclosure statement within thirty days, and FLB was given ten days to review such amended disclosure statement. If no objection was filed, an agreed order was to be presented and debt-

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

or's plan of reorganization was to be set for a confirmation hearing.

No agreed order was ever presented. Farm Credit Bank of Wichita (FCB), formerly FLB, refiled its motion to dismiss pursuant to section 1112(b) on September 30, 1988. As alleged grounds for dismissal, FCB reasserted debtor's inability to effectuate a plan of reorganization and unwillingness to prosecute this case. Debtor, again faced with a motion to dismiss, filed an amended disclosure statement and a third plan of reorganization on November 17, 1988.

A hearing was set for December 13, 1988, to consider debtor's amended disclosure statement and FCB's motion to dismiss. At that hearing, FCB's motion to dismiss was denied without prejudice. Debtor's disclosure statement was modified and approved as modified, and debtor was ordered to mail his plan of reorganization and disclosure statement to creditors by December 30, 1988, with a hearing on confirmation of the plan to be held by January 25, 1989.

On January 24, 1989, FCB once again refiled its motion to dismiss pursuant to section 1112(b). At the January 25 hearing, it was disclosed that neither debtor's plan nor his disclosure statement was ever mailed to creditors. FCB's motion to dismiss, which was later joined by the Farmers Home Administration (FMHA), was taken under advisement, and debtor was given until February 3, 1989, to respond to that motion. Debtor was specifically directed to address whether a dismissal should be with or without prejudice.

On February 14, 1989, the bankruptcy court entered an order in which it reviewed the procedural history of this case and concluded that there had been little or no apparent effort on the part of debtor to formulate a confirmable plan of reorganization. The bankruptcy court specifically noted that:

"It appears that the only plans which have been filed have been filed solely to create an argument in opposition to various motions seeking to terminate the proceeding. The first plan was not even accompanied by a disclosure statement, and an approved disclosure statement is a necessary prerequisite to the solicitation of acceptances. 11 U.S.C. § 1125(b). The failure to file a disclosure statement continued, even after the court had ordered the filing of the same.

"The first amended plan of reorganization was accompanied by a disclosure statement, but after a hearing, when the court directed that the same be amended within thirty days, no further action was taken. The most recent disclosure statement and plan of reorganization were filed 38 months after the initiation of these proceedings, and even after counsel for debtor was directed to transmit to creditors the plan and disclosure statement, as modified, no such transmittal was effected. Counsel now asserts that the court must convene a valuation hearing on certain of the debtor's assets and, presumably, must thereafter once again convene a hearing to determine whether the disclosure statement should be approved, and, if approved, order a hearing on the confirmation of the plan. To date, there appears to be virtually universal rejection of debtor's proposed plan. This, after more than three years during which debtor's creditors have been prevented from exercising their rights with regard to claims against the debtor and his property by reason of the automatic stay."

Bankruptcy Court Order of February 14, 1989, at 5–6.

The bankruptcy court concluded that dismissal of this case with prejudice appeared warranted. Debtor, however, was given one last opportunity to show cause why dismissal with prejudice was not justified.[2]

---

2. Debtor was given this extra chance to challenge the propriety of a prejudicial dismissal because the bankruptcy court, prior to its review of the record, had stated at the hearing on January 25, 1989, that it did not believe that a

dismissal with prejudice was appropriate. In the bankruptcy court's view, it would have been "unfair," given its earlier indication that a prejudicial dismissal was not justified, to dismiss this case with prejudice "without allowing debtor an

FCB's and FMHA's motions to dismiss were held in abeyance, and a hearing was set for February 28, 1989, at which time debtor was expected to show cause why this case should not be dismissed with prejudice.

On the day before the date set for the show cause hearing, debtor filed a "Motion to Reconsider, Vacate, Alter, Amend and Modify Order on Motions to Dismiss and Motion to Reschedule Rule to Show Cause Hearing." Along with that motion, debtor submitted a proposed order for continuance of the show cause hearing. The bankruptcy court did not enter the proposed order, and debtor failed to appear at the show cause hearing even though his proposed order was not entered.

On March 8, 1989, the bankruptcy court entered the order underlying this appeal, which dismissed this case "with prejudice to the filing of any bankruptcy petition by debtor for a period of three years." Bankruptcy Court Order of March 8, 1989, at 3. The bankruptcy court relied on debtor's failure to abide by its orders as described in its order of February 14, 1989, and debtor's failure to appear at the show cause hearing. The district court affirmed, and this appeal followed.

## II.

■ Section 1112(b) provides a nonexhaustive list of grounds upon which a bankruptcy court may dismiss a Chapter 11 case for "cause." On appeal, debtor does not argue that dismissal of his case was not justified under section 1112(b). Instead, the focus of debtor's argument is on whether the bankruptcy court's decision to prevent him from filing *any* bankruptcy case for three years goes beyond the mandates of 11 U.S.C. § 349(a) and 11 U.S.C. § 109(g).

Section 349(a) provides that:

"Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109[g] of this title."

11 U.S.C. § 349(a).[3] Section 109(g) provides in pertinent part as follows:

"Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

"(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

"(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title."

11 U.S.C. § 109(g). Debtor's position is that pursuant to section 349(a), bankruptcy dismissals are ordinarily without prejudice, and the bankruptcy court's power to deny him future access to bankruptcy court was constrained under section 349(a) by the 180–day limitation set forth in section 109(g).

We agree, in part, with debtor's argument. The task of interpreting section 349(a) "begins where all such inquiries must begin: with the language of the statute itself." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (interpreting 11 U.S.C. § 506(b)). In this case, it is also where the inquiry ends, "for where, as here, the statute's language is plain, the sole function of the courts is to

opportunity to show cause why the same should not be granted." Bankruptcy Court Order of February 14, 1989, at 10.

**3.** As presently drafted, section 349(a) references section 109(f). However, this is the result of an

oversight. Section 109(f) was redesignated section 109(g) by the Bankruptcy Judges, United States Trustees and Family Farmer Act of 1986, Pub.L. No. 99–554. A conforming amendment to section 349(a) was inadvertently not enacted.

enforce it according to its terms." *Id.* (quoting *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)).

By its terms, section 349(a) gives bankruptcy courts discretion to determine whether there is "cause" to dismiss a case with prejudice. Under its precise language, however, section 349(a) only denies a debtor future discharge of debts dischargeable in that particular case. Section 349(a) does not deny a debtor all future access to bankruptcy court, *except as provided in section 109(g).*

The bankruptcy and district courts relied primarily on *Lerch v. Federal Land Bank,* 94 B.R. 998 (N.D.Ill.1989), as authority for looking beyond section 109(g) and prohibiting all access to bankruptcy court for more than 180 days. In *Lerch,* the bankruptcy court ordered that the debtor was prohibited from filing a petition under Chapters 11, 12, or 13 for a period of two years. The district court affirmed, holding that the phrase "[u]nless the court, for cause, orders otherwise" at the beginning of section 349(a) modifies not only the discharge language preceding the semicolon in section 349(a), but also the filing provision which appears after the semicolon. Therefore, according to the district court, section 349(a) permitted the bankruptcy court, in its discretion, to prohibit the filing of any bankruptcy case beyond the limits of section 109(g).

Similar to *Lerch,* some bankruptcy courts have also enjoined bankruptcy filings for some limited period beyond 180 days rather than deny a debtor a discharge of the debts dischargeable in that particular case. *See In re Dilley,* 125 B.R. 189, 197 (Bankr.N.D.Ohio 1991) (one year); *In re McKissie,* 103 B.R. 189, 193 (Bankr.N.D. Ill.1989) (one year); *In re Hundley,* 103 B.R. 768, 771 (Bankr.E.D.Va.1989) (one

year). Like the court in *Lerch,* these bankruptcy courts concluded that section 349(a) affords a bankruptcy court discretion to control future bankruptcy filings for over 180 days. *Dilley,* 125 B.R. at 197–98 (citing *Lerch* ); *McKissie,* 103 B.R. at 193 (citing *Lerch* ); *Hundley,* 103 B.R. at 771.

In our view, *Lerch* and other courts which have construed section 349(a) in the same fashion as *Lerch* have disregarded the binary structure of section 349(a) as reflected by both its punctuation and substantive content. The statute consists of two clauses, separated by a semicolon and addressing two distinct concerns: (1) the discharge in a later case of the particular debts dischargeable in the case dismissed and (2) the much different matter of the filing of any subsequent bankruptcy petition. Furthermore, each clause contains its own qualifying phrase; the discharge clause is modified by the "unless the court, for cause, orders otherwise" language, and the filing clause is modified differently by reference to section 109(g).

The Supreme Court has instructed that a statute must be read as "mandated by [its] grammatical structure." *Ron Pair Enterprises, Inc.,* 489 U.S. at 241, 109 S.Ct. at 1030 (relying on location of commas in 11 U.S.C. § 506(b) to provide interpretation of statute). Accordingly, section 349(a), by its plain language, must be read as allowing a bankruptcy court, "for cause," to permanently disqualify a class of debts from discharge, but a bankruptcy court may not deny future access to bankruptcy court, except under the circumstances of section 109(g). Any other reading of section 349(a) is contrary to the language and punctuation used by Congress.[4]

Moreover, we agree with debtor that the statutory construction in *Lerch* raises serious constitutional concerns. Depriving a

---

4. The bankruptcy and district courts also cited 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code].") as additional authority for denying debtor all access to bankruptcy court for three years. Such reliance was misplaced. The broad equitable powers that bankruptcy courts have under section 105(a) "may not be

exercised in a manner that is inconsistent with the other, more specific provisions of the Code." *In re Western Real Estate Fund, Inc.,* 922 F.2d 592, 601 (10th Cir.1990). Consequently, the bankruptcy court's three-year prohibition against filing a bankruptcy case, which plainly contradicts the 180–day limitation under section 109(g), cannot be sustained under section 105(a).

debtor of access to the courts for 180 days is in itself a harsh remedy which may be questionable. *See In re Surace*, 52 B.R. 868, 871 (Bankr.C.D.Ca.1985) ("The effect of 11 U.S.C. § 109(f) [now 109(g)] is to deprive the debtor the right to relief under the Bankruptcy Code for 180 days, an *extraordinary* statutory remedy for perceived abuses of the Code.") (emphasis added). Interpreting section 349(a) and section 109(g) to allow bankruptcy courts to prohibit future filings for a period greater than 180 days, not only contradicts the statute's plain meaning, but encroaches on the fifth amendment's due process and equal protection guarantees. Carried to its extreme, nothing would prevent a bankruptcy court from barring a debtor from relief under the Code indefinitely.

■ When alternative interpretations of a statute exist, the fact that one interpretation presents serious constitutional difficulties, is in itself reason to reject such an approach. *See Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trades Council*, 485 U.S. 568, 572, 108 S.Ct. 1392, 1395, 99 L.Ed.2d 645 (1988). We do not minimize the problem of a debtor who abuses the court process and disobeys court orders. However, remedies other than prohibiting a party from using a statutory remedy in an unrelated matter are available to bankruptcy courts to meet the problem.

### III.

■ To implement our interpretation of section 349(a) under the circumstances of this case, we must break down the preclusive effect of the bankruptcy court's dismissal order into three components: (1) denial of all access to bankruptcy court for 180 days; (2) denial of such access for beyond 180 days; and (3) temporary denial of discharge of scheduled debts. In light of our limiting construction of section 349(a), the first two components may be dealt with briefly. The bankruptcy court's denial of all access to bankruptcy relief for 180 days is not reviewable inasmuch as 180 days have passed. *See Travelers Ins. Co. v. Don–Lin Farms*, 90 B.R. 48 (W.D.N.Y.

1988). The bankruptcy court's denial of all access to bankruptcy court for more than 180 days was beyond the authority conferred under section 349(a) and, consequently, cannot stand. Therefore, the only aspect of this case left for our substantive review is the question whether there was sufficient "cause" within the meaning of section 349(a) to justify temporarily denying debtor a discharge of the debts scheduled in this case for three years.

After the bankruptcy court's dismissal order was entered, this court, in *Hall v. Vance*, 887 F.2d 1041 (10th Cir.1989), indicated that a prejudicial dismissal under section 349(a) must be premised on bad faith conduct that is prejudicial to a creditor. *Id.* at 1045 (vacating dismissal with prejudice because "[t]he [debtors]' tardiness ... does not support a finding of bad faith [and] ... neither party moving for dismissal made a showing [that debtors' conduct] ... prejudiced them"). Although the bankruptcy court did not have benefit of our decision in *Hall* when this case was dismissed, the bankruptcy court nonetheless made determinations that amounted to findings of bad faith, *see* Bankruptcy Court Order of March 8, 1989, at 3 ("debtor has established a clear record of delay and contumacious conduct") and prejudice, *see* Bankruptcy Court Order of February 14, 1989, at 6 ("To date, there appears to be virtually universal rejection of debtor's proposed plan. This, after more than three years during which debtor's creditors have been prevented from exercising their rights with regard to claims against the debtor and his property by reason of the automatic stay."). Such determinations by the bankruptcy court are factual findings, *see In re N.R. Guaranteed Retirement, Inc.*, 119 B.R. 149, 153 (N.D.Ill.1990) (bankruptcy court's finding that conduct is prejudicial to a creditor "essentially involves a factual determination"); *In re Can–Alta Properties, Ltd.*, 87 B.R. 89, 91 (9th Cir. BAP 1988) ("[a] finding of bad faith is a factual determination"), which we review under the clearly erroneous standard, *see Hall*, 887 F.2d at 1043.

After carefully reviewing the record, we conclude that several facts and circumstances support the bankruptcy court's conclusion that debtor acted in bad faith and in a manner that was prejudicial to his creditors. First, debtor waited nine months before filing an initial plan of reorganization. Such plan, as noted by the bankruptcy court, was not accompanied by a disclosure statement, and the failure to file a disclosure statement continued for more than a year after the bankruptcy court had explicitly ordered the filing of one. *Cf. Id.* (filing by debtor of objections to proofs of claim and plan of reorganization three days and one day late, respectively, under deadlines set by bankruptcy court was not sufficient evidence to support finding that debtor acted in bad faith). Furthermore, it is significant that subsequent plans of reorganization were submitted by debtor only after motions to dismiss were pending. Finally, on the eve of the hearing provided by the bankruptcy court to give debtor an additional opportunity to show cause why his bankruptcy case should not be dismissed with prejudice, debtor filed a motion seeking continuance of the hearing, but made no effort to confirm whether the motion was ever granted, and then failed to appear. Debtor's overall conduct throughout the proceedings in bankruptcy court evidences a pattern of evasion, and prevented creditors from exercising their rights against debtor for over three years. In view of these facts, we cannot say that the bankruptcy court's findings of bad faith and prejudice were clearly erroneous.

### IV.

Accordingly, we AFFIRM the order of the district court to the extent that it affirms the bankruptcy court's judgment dismissing the case, but only insofar as it temporarily denies debtor a discharge of the debts dischargeable in this case for a three-year period. The district court's order is REVERSED and REMANDED to the extent it affirms the judgment of the bankruptcy court denying debtor all access to the bankruptcy court beyond 180 days for debts not related to this case.