**In re Joe Earl COOPER and Janice Lee Cooper, Debtors.**

**Bankruptcy No. 89–B–10175–A.**

United States Bankruptcy Court, D. Colorado.

Oct. 22, 1992.

---

Richard A. Marsh, Massey Showalter & Marsh, P.C., Denver, Colo., for Richard R. Kramer.

John A. Cimino, John A. Cimino, P.C., Denver, Colo., for debtors.

## MEMORANDUM OPINION AND ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court upon creditor Richard R. Kramer's (Kramer) Motion for Sanctions and Supporting Argument filed July 16, 1992 and Debtor's Response thereto filed July 23, 1992. The Court, having reviewed the file, particularly the February 14, 1991 Order entered herein, and being fully advised, makes the following findings of fact and conclusions of law.

### I. Background.

The Debtors filed a Voluntary Petition pursuant to Chapter 7 of the Bankruptcy Code on September 19, 1988 which was subsequently voluntarily dismissed on March 27, 1989. On July 28, 1989, the Debtors filed a second Chapter 7 bankruptcy Petition. Upon motion of the Debtors, the case was converted to Chapter 13 on January 19, 1990.

Kramer filed an objection to confirmation of the then-pending Chapter 13 Plan and had, prior to conversion, filed a motion to dismiss. Both matters were set for an evidentiary hearing.[1] At the conclusion of the hearing, this Court issued an extensive Findings of Fact, Conclusions of Law, and Order Denying Confirmation of Plan, and Dismissing Chapter 13 Case on February 14, 1991. The reasons for this Court's actions are set forth at length therein and are expressly incorporated herein.

This Court ultimately denied confirmation of the Chapter 13 Plan and dismissed the case with prejudice, enjoining the Debtors from filing another bankruptcy petition for a period of one year. On appeal of this Court's Order, Judge Kane of the District Court reversed the dismissal and injunction and remanded the case to this Court "for consideration of appropriate sanctions" under the intervening Tenth Circuit decision of In re Frieouf, 938 F.2d 1099 (10th Cir. 1991). See, In re Cooper, 139 B.R. 736, 737 (D.Colo.1992).

By way of his present Motion, Kramer requests sanctions against the Debtors which take the form of "the permanent disqualification from discharge in any case under the Bankruptcy Code of the [Debtors'] debt to him" pursuant to 11 U.S.C. § 349(a). The Debtors oppose the Motion on both factual and legal grounds.

### II. Analysis.

■ Section 349(a) of the Bankruptcy Code provides as follows:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to

1. Actually, the hearing consumed portions of four days over a period of five months.

the filing of a subsequent petition under this title, except as provided in section 109(f) of this title.

11 U.S.C. § 349(a) (emphasis added).

Both this Court's February 14, 1991 Order and *Frieouf* dealt with Court-imposed restrictions placed upon the filing of future bankruptcy petitions. *Frieouf, supra* at 1103 ("Section 349(a) does not deny a debtor all future access to bankruptcy court, except as provided in section 109(f)") (emphasis in original). The issue now presented involves the portion of Section 349(a) that precedes the semicolon. In *Frieouf*, the Tenth Circuit determined that

> **[S]ection 349(a), by its plain language, must be read as allowing a bankruptcy court, "for cause," to permanently disqualify a class of debts from discharge,** but a bankruptcy court may not deny future access to bankruptcy court, except under the circumstances of section 109(g). **Any other reading of section 349(a) is contrary to the language and punctuation used by Congress.**

*Frieouf, supra* at 1103 (footnote omitted) (emphasis added).

Clearly, according to the Tenth Circuit, the Bankruptcy Code does not prohibit the relief requested by the instant Motion and Debtors' legal argument to the contrary must fail.

 The Debtors further argue that the facts in this particular case do not support a finding of "cause" under Section 349(a). The Debtors, it is argued, fully cooperated with discovery, never hid assets, and were "merely guilty of poor record keeping and not of any intentional fraudulent conspira-torial conduct as was alleged and not proven by creditor Kramer, despite ample opportunity to do so." *Response*, at p. 2.

To the contrary, this Court expressly found, among other things, the following:

1. The purpose and intent of the Debtors in filing the consecutive bankruptcy Petitions "was not for the rehabilitation of the Debtors, but to principally evade payment of Creditor Kramer's judgment." [2]

2. The pleadings filed with this Court contained misrepresentations and concealment of material facts concerning various assets including a $66,000.00 settlement converted to cash,[3] undisclosed bank accounts,[4] transfers of funds,[5] a family cattle business, the existence of which was deliberately concealed,[6] and a mobile home.[7]

3. Some scheduled debts were found to be either purely fabricated or totally unsubstantiated[8] while others were completely omitted.[9]

4. The pleadings also contained material misrepresentations concerning the Debtors' income and expenditures such as inflation of Debtor Janice Cooper's income from her job with a local school district,[10] the inability to substantiate any income from Debtor Janice Cooper's alleged job at a 7-11,[11] and this Court's subsequent finding that all income stated for Joe Cooper was misleading and/or fabricated as Joe Cooper is not now gainfully employed, has not worked in recent memory, has no regular income,[12] and has no reason-

2. Findings of Fact, Conclusions of Law, and Order Denying Confirmation of Plan, and Dismissing Chapter 13 Case entered February 14, 1991 at p. 20, ¶ 10. *See also*, p. 11–12, ¶ 21, p. 14, ¶ 25, and p. 20, ¶ 19.

3. *Id.*, at p. 12, ¶ 22, and p. 17, ¶ 30.

4. *Id.*, at p. 9–10, ¶ 17 (eight bank accounts at four different financial institutions existed while only one was originally disclosed).

5. *Id.*, at p. 14–15, ¶ 26.

6. *Id.*, at p. 9, ¶ 17 (even when directly questioned on this subject at the Section 341 meeting), p. 15–16, ¶ 28, p. 17, ¶ 31, and p. 18, ¶ 34.

7. *Id.*, at p. 2, ¶ 6 through p. 3, ¶ 7, and p. 11, ¶ 19.

8. *Id.*, at p. 8, ¶ 15, p. 17, ¶ 29 (Walter Cooper "debt"), and p. 19, ¶ 5 (same).

9. *Id.*, at p. 7, ¶ 13 (three co-signed loans with sons).

10. *Id.*, at p. 6, ¶ 13.

11. *Id.*, at p. 18, ¶ 33.

12. *Id.*, at p. 6–7, ¶ 13 and p. 17–18, ¶ 32.

able expectation of any monthly earnings during the life of the plan.[13]

5. The various misleading statements and the pattern of concealment were not accidental [14] and, in fact, continued uncorrected until the Debtors were confronted with evidence of their misleading and erroneous nature by Kramer.[15]

6. In addition to the inaccuracy of the pleadings, the testimony of both Debtors was evasive and intentionally untruthful.[16]

7. The plan presented to this Court was "statutorily infirm and incapable of confirmation." [17]

8. The Debtors' history indicated that the original Petition was filed but was dismissed for the expressed primary purpose of allowing certain preferential transfers to "mature" before refiling substantially similar documents to initiate the instant case.[18]

Considering the express findings of fact identified above, as well as the express findings from the trial testimony regarding the Debtors' motivation, credibility, and veracity, this Court previously found the conduct of the case to be an abuse of the bankruptcy system in general and abusive of Kramer in particular. This Court further finds that the pattern of conduct summarized herein and more extensively discussed in the February 14, 1991 Order demonstrates a clear record of delay and mendacity directed primarily at and resulting in substantial prejudice to Kramer, even to the point of effectively eliminating his prospect of recovery on this judgment.[19] The plan presented to this Court for confirmation, indeed the Debtors' entire bad faith sojourn through the bankruptcy process since at least September 19, 1988, represents a violation of the purpose and spirit of Chapter 13 and the Bankruptcy Code in general. "Cumulatively the Debtors['] actions have resulted in an abuse of the bankruptcy process which this Court has both the authority and responsibility to control." *In re Dilley,* 125 B.R. 189, 196 (Bankr. N.D.Ohio 1991).

The Tenth Circuit has established that a finding of "cause" under Section 349(a) must be premised on bad faith conduct, beyond mere tardiness, that is prejudicial to creditors. *See, Frieouf, supra* at 1104–1105; *Hall v. Vance,* 887 F.2d 1041, 1045 (10th Cir.1989). This Court finds that the above-cited factual findings more than adequately satisfy the "cause" standards of Section 349(a).

But even if the Debtors' efforts to avoid payment to Kramer through delay, mendacity, non-disclosure, concealment of material information and assets, and bad faith in general were immune from constraint under section 349(a), "it appears that the Court has authority under section 105 of the Bankruptcy Code to impose appropriate restraints." *Dilley, supra* at 197.

Accordingly, it is

ORDERED that Kramer's Motion for Sanctions and Supporting Argument filed July 16, 1992 is GRANTED; and it is

FURTHER ORDERED that the within bankruptcy case, number 89–B–10175–A, is hereby DISMISSED WITH PREJUDICE and Debtors shall be and hereby are permanently enjoined from obtaining a future discharge of the debt owed by them to creditor Richard Kramer.

13. *Id.,* at p. 6, ¶ 13.

14. *Id.,* at p. 10, ¶ 18, p. 17–18, ¶ 32, and p. 18, ¶ 33.

15. *Id.,* at p. 9, ¶ 17 and p. 10–11, ¶ 18.

16. *Id.,* at p. 12, ¶ 22 through p. 13, ¶ 23, p. 16, ¶ 28, p. 16–17, ¶ 29, and p. 18, ¶ 35.

17. *Id.,* at p. 21, ¶ 13. *See also,* p. 18, ¶ 1 through p. 19, ¶ 4, and p. 19, ¶ 6 through p. 20, ¶ 9.

18. *Id.,* at p. 11, ¶ 20 and p. 21, ¶ 13.

19. The precarious nature of certain of the parties' health and their advanced years lends a degree of urgency and frustration to the entire process.