**In re Joe Earl COOPER and Janice Lee Cooper, Debtors.**

**Joe Earl COOPER and Janice Lee Cooper, Appellants,**

**v.**

**Richard KRAMER, Appellee.**

**Bankruptcy No. 92–K–2134.**

United States District Court, D. Colorado.

May 5, 1993.

John A. Cimino, Denver, CO, for appellants.

Richard A. Marsh, Denver, CO, for appellee.

## MEMORANDUM DECISION
## ON APPEAL

KANE, Senior District Judge.

This case is before me on appeal from a decision of the bankruptcy court which permanently denied discharge of a debt totalling more than $65,000 the Coopers ("debtors") owed to Richard Kramer ("Creditor") 146 B.R. 843. I have jurisdiction pursuant to 11 U.S.C. § 158. For the reasons discussed below, I affirm the judgment of the bankruptcy court.

### I. Background

This is the second time this case has been before me on appeal. In an earlier decision, *In re Cooper*, 139 B.R. 736 (D.Colo. 1992), I reversed the bankruptcy court's decision enjoining the debtors from filing another bankruptcy petition for a period of one year. The bankruptcy court fashioned the injunction as a sanction for the debtors' fraudulent and bad faith filing and amending of their chapter 13 plan. Based on the circuit's decision in *In re Frieouf*, 938 F.2d 1099 (10th Cir.1991), I concluded that the bankruptcy court could not enjoin the debtors from refiling another petition for a period longer than six months. I understood *Frieouf* to say, however, that a bankruptcy court could permanently disqualify a class of debts or a particular debt for cause under 11 U.S.C. § 109(g)(1).

After remand, the bankruptcy court set a hearing pursuant to written notice "regarding the issue of appropriate sanctions and implementation of same...." R.Vol. I, Tab 117a. More than a month later, the court held the hearing. After argument, the court ordered the creditor to prepare an application for sanctions together with a proposed order. The court gave the debtors fifteen days after receipt of the application to file a response, and the creditor an additional 10 days thereafter within which to file a reply. After the bankruptcy court received the parties' submissions, it filed a written opinion and order on October 22, 1992.

In its order, the bankruptcy court recounted and reaffirmed its earlier findings of fraud, deception and bad faith on the part of the debtors.

Considering ... the Debtors' motivation, credibility, and veracity, this Court previously found the conduct of the case to be an abuse of the bankruptcy system in general and abusive of Kramer in particular. [T]he pattern of conduct ... demonstrates a clear record of mendacity directed primarily at and resulting in substantial prejudice to Kramer, even to the point of effectively eliminating his prospect of recovery on this judgment. The plan presented to this Court for confirmation, indeed the Debtors' entire bad faith sojourn through the bankruptcy process since at least September 19, 1988, represents a violation of the purpose and spirit of Chapter 13 and the Bankruptcy Code in general.

R.Vol. I, Tab 123 at 5–6. It then granted the creditor's motion for sanctions, dismissed the underlying bankruptcy case with prejudice, and permanently enjoined the debtors from obtaining a future discharge of the debt they owed to Kramer. This appeal followed.

### II. Discussion

I review the bankruptcy court's decision on an abuse of discretion standard. Since there are no issues of fact in dispute, I may reverse the bankruptcy court only if I find that it " 'based its ruling on an erroneous view of the law....' " *Hughes v. City of Fort Collins*, 926 F.2d 986, 989 (10th Cir. 1991) quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). The debtors make two arguments in this appeal. First, they say the bankruptcy court abused its discretion or violated the debtors' constitutional

rights in forever barring discharge of the creditor's claim. Second, they say their procedural due process rights were violated because no hearing was ever held on the imposed sanctions. I disagree on both counts.

### A. Abuse of Discretion

■ A bankruptcy court abuses its discretion when it ignores, confuses or clearly misapplies controlling precedent. Here, there was no abuse of discretion. The bankruptcy court understood *Frieouf* specifically to allow the kind of permanent disqualification it ordered in this case. Indeed, as I pointed out in my earlier order,

> [t]he circuit's reading of 11 U.S.C. § 349(a) and 11 U.S.C. § 109(g)(1), however, convinced it that "a bankruptcy court, 'for cause,' [may] permanently disqualify a class of debts from discharge, but ... may not deny future access to [the] bankruptcy court, except under the circumstances of section 109(g)."

*Cooper*, 139 B.R. at 739. There can be no abuse of discretion where the bankruptcy court's legal conclusions rest firmly on controlling precedent.

This is not to say, however, that the circuit's decision is free from all doubt or has been widely championed as a wise and just decision. Compare, e.g., *In re Jolly*, 143 B.R. 383 (E.D.Va.1992) (As long as bankruptcy court finds "cause" under § 349, it may dismiss a petition with prejudice for more than 180 days), and *In re Earl*, 140 B.R. 728 (Bankr.N.D.Ind.1992) (specifically finding that § 105 provides a bankruptcy court with equitable powers similar to those found in the All Writs Statute); with *In re Smith*, 133 B.R. 467 (Bankr.N.D.Ind.1991) (earlier dismissal with prejudice denies future discharge of debts that were or could have been scheduled in the earlier case). The debtors claim that the result in this case is unduly harsh as compared to their misconduct. This concern should be addressed to the circuit court. Like the bankruptcy court, I am equally bound by it's controlling precedent.

### B. Violation of Constitutional Rights

■ The debtors' argument here is brief: they say that the bankruptcy court's decision "is a step towards involuntary servitude prohibited by Article [sic] XIII, § 1 of the United States Constitution." The thirteenth amendment prohibits slavery and involuntary servitude, except as a punishment for a crime. There are few cases analyzing its relevance to bankruptcy law, except in the context of involuntary compulsion to file a chapter 13 petition. In *Flood v. Kuhn*, 407 U.S. 258, 92 S.Ct. 2099, 32 L.Ed.2d 728 (1972), the Supreme Court held that a showing of compulsion is a prerequisite to proof of involuntary servitude. Thus, a violation of the thirteenth amendment occurs when the debtor is compelled by force, coercion or imprisonment to labor for another against his will. See *In re Krohn*, 87 B.R. 926, 931 (N.D.Ohio 1988) (quoting Black's Law Dictionary 743 (5th ed. 1979)).

Here, there is no violation of the thirteenth amendment because there is no showing of compulsion. Congress has seen fit to allow, in 11 U.S.C. § 349(a), the bankruptcy court to bar discharge of a class of debts or certain specific debts if cause is found. The bankruptcy court found sufficient cause to deny discharge of the Kramer debt. There was no constitutional error.

### C. Procedural Due Process

■ The debtors claim they were denied procedural due process because they were not given a hearing on sanctions. They say that they did not "view" the confirmation hearings as a sanctions hearing and thus "never anticipated the severe sanction meted out." In essence, they claim they were not given appropriate notice nor an adequate opportunity to be heard. I disagree.

■ It is axiomatic that the court must give a litigant fair notice of its intent to impose sanctions and a fair opportunity to address the need for and appropriateness of any sanctions to be imposed. It need not, however, as the debtors suggest, give a prophylactic warning before every case or proceeding that the litigants' conduct and testimony may subject them to sanctions. Rather, as I have repeatedly stressed, the court need only give notice of

its intent to impose sanctions and an opportunity for the sanctionable party to be heard. *In re M & L Business Machines,* 153 B.R. 312, 314, 315 (1993); *In re Gonzales,* 145 B.R. 679, 681 (D.Colo.1992). The hearing need not be a plenary adversary proceeding complete with live testimony taken in open court. Due process is flexible and need only be responsive to the issues and stakes at hand. In the instant case, the debtors have been on notice at least since February 14, 1991 that the bankruptcy court thought their conduct warranted sanctions. They knew further, from the very same February 14, 1991 order, precisely what conduct the bankruptcy court thought might be sanctionable. After I remanded this case on May 1, 1992, the bankruptcy court sent the parties written notice of its intent to consider sanctions. This notice more than satisfied the due process clause.

After the parties appeared in court pursuant to the bankruptcy court's notice, they were given a suitable opportunity to address the debtors' conduct. The debtors were free to proceed as they saw fit, whether by affidavit, written testimony or otherwise. The debtors suggested, in their memorandum brief (and in this appeal), that they made their fraudulent filings based on advice from a lawyer who has since been suspended by the Colorado Supreme Court. Were this true, it might well militate against the sanction imposed. The debtors, however, did not develop any facts to support the suggestion, perhaps because it is only that: a mere suggestion. Under these circumstances, the bankruptcy court did not violate their right to procedural due process.

The judgment of the bankruptcy court is accordingly affirmed.