**In the Matter of Lorenzo JONES, Debtor.**

**Bankruptcy No. 95–52610.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Feb. 16, 1996.

Wesley J. Boyer, Macon, Georgia, for Lorenzo Jones.

Ann Reid, Tax Division, Washington, D.C., for the United States.

Steven Brantley, Office of Chapter 13 Trustee, Macon, Georgia, for Chapter 13 Trustee.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

Lorenzo Jones, Debtor, filed a petition under Chapter 13 of the Bankruptcy Code on August 18, 1995. A Chapter 13 plan has not been confirmed by the Court. The United States of America, on behalf of the Internal Revenue Service, (the "IRS") filed a Motion to Dismiss on December 19, 1995. In its motion, the IRS asks the Court to dismiss with prejudice Debtor's Chapter 13 case. The motion came on for hearing on January 25, 1996. The Court, having considered the evidence presented and the arguments of counsel, now publishes this memorandum opinion.

Debtor is an optometrist who owes a substantial sum to the IRS.[1] This is Debtor's third bankruptcy filing since 1992. Debtor filed a petition under Chapter 13 of the Bankruptcy Code on April 3, 1992. The Chapter 13 case was dismissed on June 26, 1992. Debtor filed a petition under Chapter 11 of the Bankruptcy Code on October 6, 1992. The Chapter 11 case was dismissed on October 25, 1994. Debtor filed his present Chapter 13 case on August 18, 1995. All of Debtor's bankruptcy filings were unsuccessful efforts to deal with the obligations that Debtor owes to the IRS.

Debtor's present Chapter 13 filing was in response to the IRS's seizure of his inventory and accounts receivable. Debtor promptly filed a motion for turnover. Debtor and the IRS entered into a consent order dated September 6, 1995. The consent order provides that Debtor would pay the IRS $2,000 on September 20, 1995, October 20, 1995, and November 20, 1995. Debtor made only one of the $2,000 payments. Debtor's business was slow during the Christmas season.

The IRS urges the Court to dismiss with prejudice Debtor's Chapter 13 case. Debtor

does not object to his Chapter 13 case being dismissed if the dismissal is without prejudice. The question presented is whether Debtor's Chapter 13 case may be dismissed with prejudice.

Section 349(a) of the Bankruptcy Code[2] provides:

§ 349. Effect of dismissal

(a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C.A. § 349(a) (West Supp.1995).

The Court notes that the two phrases of section 349(a) are separated by a semicolon. Section 349(a) does not permit a bankruptcy court, for cause, to dismiss a bankruptcy case with prejudice. "This reading is also mandated by the grammatical structure of the statute.... The language and punctuation Congress used cannot be read in any other way." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1989). *See Frieouf v. United States (In re Frieouf)*, 938 F.2d 1099, 1103 (10th Cir.1991), *cert. denied,* 502 U.S. 1091, 112 S.Ct. 1161, 117 L.Ed.2d 408 (1992) (section 349(a) consists of two clauses, separated by a semicolon and addressing two distinct concerns).

*Collier on Bankruptcy*[3] states:

**[9]—Effect of Dismissal; § 349.**

The dismissal of a chapter 13 case is controlled by sections 1307(b) and (c). The legal effects of the dismissal of a chapter 13 case are governed by section 349.

... Generally, there is no limitation on the filing of a new bankruptcy case after a previous chapter 13 case has been dismissed. The practice of a few courts of routinely dismissing chapter 13 cases with

---

1. Debtor owes the IRS more than $277,000.

2. 11 U.S.C.A. § 349(a) (West Supp.1995).

3. 5 *Collier on Bankruptcy* ¶ 1307.01[9] (15th ed. 1995).

prejudice is clearly not justified under the Code. Except in very rare cases of repeated prior filings with no intervening changes in circumstances, there is no way a court can presume to know that the debtor's circumstances will not change in the future so as to make a new bankruptcy case appropriate, either under chapter 13 or some other chapter. If a later filing does prove to be abusive, the court has a wide array of sanctions, applicable to both the debtor and debtor's counsel, to remedy the situation at that time.

Congress has carefully delineated only a narrow range of cases for which dismissal will have a limited prejudicial effect. Only if the dismissal is for willful failure of the debtor to abide by orders of the court, for willful failure to appear before the court in proper prosecution of the case, or a voluntary dismissal after the filing of a request for relief from the automatic stay of section 362, the debtor is not eligible for relief under title 11 for the 180 days following the dismissal.

5 *Collier on Bankruptcy* ¶ 1307.01[9] at 1307–23, –24.

In *Frieouf v. United States (In re Frieouf)*,[4] the Tenth Circuit Court of Appeals, in considering section 349(a), stated:

The task of interpreting section 349(a) "begins where all such inquiries must begin: with the language of the statute itself." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (interpreting 11 U.S.C. § 506(b)). In this case, it is also where the inquiry ends, "for where, as here, the statute's language is plain, the sole function of the courts is to enforce it according to its terms."

By its terms, section 349(a) gives bankruptcy courts discretion to determine whether there is "cause" to dismiss a case with prejudice. Under its precise language, however, section 349(a) only denies a debtor future discharge of debts dischargeable in that particular case. Section 349(a) does not deny a debtor all future

access to bankruptcy court, *except as provided in section 109(g)*.

. . . .

Accordingly, section 349(a), by its plain language, must be read as allowing a bankruptcy court, "for cause," to permanently disqualify a class of debts from discharge, but a bankruptcy court may not deny future access to bankruptcy court, except under the circumstances of section 109(g). Any other reading of section 349(a) is contrary to the language and punctuation used by Congress.

938 F.2d at 1102–03.

Debtor's present Chapter 13 case is a repetitive filing. In discussing repetitive filings, the Ninth Circuit Court of Appeals in *Nash v. Kester (In re Nash )*[5] stated:

Congress recently indicated its awareness of some abuses resulting from repetitive filings, and amended 11 U.S.C. § 349(a) and added 11 U.S.C. § 109[g]. However, except for the limited circumstances under 11 U.S.C. § 109[g], Congress continues to grant debtors an absolute right to dismiss a Chapter 13 plan. Absent further Congressional action, debtors such as the Nashes may file successive Chapter 13 plans as long as each new plan is proposed in good faith.

765 F.2d at 1414–15.

It is clear that the drafters of the Bankruptcy Code and Bankruptcy Rules knew how to provide for a dismissal with prejudice. *See* 11 U.S.C.A. §§ 109(g) and 349(a) (West 1993 & Supp.1995) (dismissal with prejudice if debtor requests and obtains voluntary dismissal following the filing of a request for relief from automatic stay); Fed.R.Bankr.P. 7041 (second voluntary dismissal of adversary proceeding operates as an adjudication upon the merits); Fed.R.Bankr.P. 9014 (second voluntary dismissal of contested matter operates as an adjudication upon the merits); *see also* Fed.R.Civ.P. 41 (second voluntary dismissal of civil action operates as an adjudication upon the merits).

---

**4.** 938 F.2d 1099 (10th Cir.1991), *cert. denied,* 502 U.S. 1091, 112 S.Ct. 1161, 117 L.Ed.2d 408 (1992).

**5.** 765 F.2d 1410 (9th Cir.1985).

■ "When Congress knows how to say something but chooses not to, its silence is controlling." *Haas v. Internal Revenue Service (In re Haas)*, 48 F.3d 1153, 1156 (11th Cir.1995).[6]

■ "A bankruptcy court's equitable power 'must and can only be exercised within the confines of the Bankruptcy Code.' *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 969, 99 L.Ed.2d 169 (1988)." *Capital Factors, Inc. v. Empire for Him, Inc. (In re Empire for Him, Inc.)*, 1 F.3d 1156, 1160 (11th Cir.1993).

■ The Court is persuaded that it cannot deny a debtor future access to bankruptcy protection except as provided by the Bankruptcy Code and Bankruptcy Rules. The Court understands the frustration of the IRS caused by repetitive filings. But, "[i]t is not the role or power of the judiciary to remedy a legislative statute by opinion. Congress easily can change the statute whenever it is so inclined." *Florida Hospital Trust Fund v. Commissioner of Internal Revenue*, 71 F.3d 808, 813 (11th Cir.1996).

That is not to say, however, that the Court is without power to deal with a subsequent bad faith filing.

In *Mortgage Mart, Inc. v. Rechnitzer (In re Chisum)*,[7] the Ninth Circuit Court of Appeals stated:

> Multiple Chapter 13 bankruptcy filings are legally justified "as long as each new plan is proposed in good faith." *In re Nash*, 765 F.2d 1410, 1415 (9th Cir.1985). Good faith is a factual question. *Matter of Metz*, 820 F.2d 1495, 1497 (9th Cir.1987). If the bankruptcy court determines as a factual matter that a debtor's successive filings were not proposed in good faith, the court must impose sanctions under Bankr.R. 9011. However, if the court's factual finding is that the filings were proposed in good faith, sanctions are not appropriate.
>
> . . . .
>
> Though multiple filings are not *per se* illegal, *see Matter of Metz*, 820 F.2d at

1497, "[a] debtor's history of filings and dismissals is relevant in determining whether a plan has been proposed in good faith." *In re Nash*, 765 F.2d at 1415. . . .

The primary basis for the bankruptcy court's good faith determination in this case was its finding of changed circumstances. We have earlier explicitly stated that "a bona fide change in circumstances" can justify a finding that successive bankruptcy filings were proper. *Matter of Metz*, 820 F.2d at 1498. The bankruptcy judge is in the best position to assess a debtor's credibility and the legitimacy of the explanations he gives for multiple filings.

847 F.2d at 599–600.

■ Finally, the Court notes that section 109(g) of the Bankruptcy Code[8] provides that an individual may not be a debtor under certain circumstances. Section 109(g) provides:

> § 109. Who may be a debtor
>
> . . . .
>
> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
>
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C.A. § 109(g) (West 1993).

In the case at bar, Debtor and the IRS entered into a consent order which obligated Debtor to make certain payments to the IRS. Debtor was unable to make all of the payments because his business was slow during

---

6. The Court notes that Bankruptcy Rules are prescribed by the United States Supreme Court rather than Congress. 28 U.S.C.A. § 2075 (West 1994).

7. 847 F.2d 597 (9th Cir.), *cert. denied*, 488 U.S. 892, 109 S.Ct. 228, 102 L.Ed.2d 218 (1988).

8. 11 U.S.C.A. § 109(g) (West 1993).

the Christmas season. Debtor simply did not have the ability to make all of his payments. The Court is not persuaded that this was a "willful failure of the debtor to abide by orders of the court."

There is no showing that Debtor has failed to prosecute his Chapter 13 case. There is no pending motion for relief from the automatic stay. Thus, section 109(g) is not applicable in Debtor's Chapter 13 case.

The Court must conclude that under the facts presented, it cannot dismiss Debtor's case with prejudice.