In re Bobby Dexter FREEMAN (aka Smith), SSN 257–92–7895, Brenda Joyce Freeman (aka Westbrook), SSN 260–17–4433, Debtors.

Bankruptcy No. 97–56789.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

June 12, 1998.

Bobby Dexter Freeman and Brenda Joyce Freeman, Columbus, OH, pro se.

Arnold S. White, Columbus, OH, Chapter 7 Trustee.

Alexander G. Barkan, Assistant United States Trustee, Columbus, OH.

Deborah F. Sanders/Michael P. O'Grady, Assistant United States Attorney, Columbus, OH.

*MEMORANDUM OPINION AND ORDER*

CHARLES M. CALDWELL, Bankruptcy Judge.

This Memorandum Opinion and Order constitutes the Court's ruling on an Order to Show Cause that involves serial filers who have abused the bankruptcy process by failing to prosecute any of their six chapter 7 filings over a two-and-one-half-year span. Based upon the egregious behavior of the Debtors, the Court has determined that extraordinary measures such as barring the Debtors from all future filings, permanently excluding certain debts from discharge and monetary sanctions are necessary to preserve the integrity of the bankruptcy process and to protect creditors. To ensure understanding of the Court's action and to ensure that the Debtors appreciate the significance of their actions, a discussion of the background of the six chapter 7 cases is necessary.

### THE FIRST CHAPTER 7 FILING

The Debtors first entered the bankruptcy system on May 26, 1995, when Brenda Joyce Freeman ("Mrs. Freeman") filed an individual *pro se* voluntary chapter 7 petition, case number 95–52991, without the statement of financial affairs and without Schedules A through J. An Application to Pay Filing Fee in Installments was filed that had a notation stating Mrs. Freeman did not have the correct change for the initial payment of $25.00, but she would bring the correct amount four days later. Mrs. Freeman did not remit the initial payment as promised, subsequently did not pay any installment toward the $165.00 filing fee, and did not attend the first meeting of creditors on July 7, 1995. Although the meeting of creditors was rescheduled at Mrs. Freeman's request for August 18, 1995, she did not attend that meeting. Mrs. Freeman's request for a third meeting of creditors was granted and rescheduled by the chapter 7 trustee. Mrs. Freeman did not attend the third meeting of creditors on October 13, 1995, and on November 8, 1995, the Court dismissed the chapter 7 case for failure to file Schedules A through J.

### THE SECOND CHAPTER 7 FILING

On August 29, 1995, Bobby Dexter Freeman ("Mr. Freeman"), Mrs. Freeman's husband, filed an individual *pro se* voluntary chapter 7 petition, case number 95–54845, also without Schedules A through J and the statement of financial affairs. Mr. Freeman filed an Application to Pay Filing Fee in Installments, and paid $10.00 toward the $165.00 filing fee. Mr. Freeman did not attend his meeting of creditors on September 29, 1995, and on November 8, 1995, the Court dismissed the case for failure to attend the meeting of creditors. The Court notified Mr. Freeman on January 25, 1996, that he owed the United States Bankruptcy Court $155.00 for the balance of the filing fee for his dismissed case. Mr. Freeman has never paid the balance.

### THE THIRD CHAPTER 7 FILING

On January 9, 1996, Brenda Joyce Freeman and Bobby Dexter Freeman ("the Freemans") filed their first *pro se* joint voluntary chapter 7 petition, case number 96–50125, that erroneously noted only one prior bankruptcy filing: the individual chapter 7 petition filed by Mrs. Freeman. On January 10, 1996, the Freemans filed an Application to Pay Filing Fee in Installments along with $10.00 toward the $175.00 filing fee. On February 13, 1996, the Court entered an Order Dismissing Case for Failure to Pay Filing Fee, and on February 14, 1996, the Court notified the Freemans that they owed the United States Bankruptcy Court $165.00 for the balance of the filing fee for the third dismissed case. The Freemans have never paid the balance.

### THE FOURTH CHAPTER 7 FILING

On February 20, 1996, seven days after their third chapter 7 dismissal, Bobby Smith ("Mr. Smith") and Mrs. Freeman filed another *pro se* joint voluntary chapter 7 petition, case number 96–51021, without the statement of financial affairs, without disclosing any of the three prior filings, and with photocopies of the schedules from their prior bankruptcy filing. Mr. Smith, whom the Court later determined is an alias of Mr. Freeman, listed his social security number in this bankruptcy

case as 259–02–0323, although his previously-used social security number with the name of Bobby Dexter Freeman was 257–92–7895. The Freemans made a $10.00 payment toward the $175.00 filing fee, and filed an Application to Pay Filing Fee in Installments. The Court scheduled a hearing on the Application to Pay Filing Fee in Installments. Mrs. Freeman and Mr. Smith/Mr. Freeman failed to pay the filing fee by the March 1, 1996, deadline and failed to attend the March 19, 1996, hearing on their Application to Pay Filing Fees in Installments. The Court entered an Order Denying the Application to Pay the Filing Fee in Installments and entered a Notice of Hearing on Proposed Dismissal of Case with Prejudice on March 25, 1996. Mr. Smith/Mr. Freeman appeared without Mrs. Freeman at the meeting of creditors on April 9, 1996.

At the April 11, 1996, hearing on the proposed dismissal of the case with prejudice, the chapter 7 trustee, Frederick L. Ransier ("Mr. Ransier"), Mrs. Freeman and Mr. Freeman, who entered an appearance as Mr. Smith, were present. Mr. Ransier stated that although Mr. Smith/Mr. Freeman attended the meeting of creditors, the examination was futile because the statement of financial affairs and schedules were incomplete, and Mr. Smith/Mr. Freeman lacked the knowledge to provide any substantial financial information. At the hearing, the Court concluded the Freemans had abused the bankruptcy process by not prosecuting their four chapter 7 filings and determined the case would be dismissed with a 180–day injunction based on their history of engaging in bad-faith filings. On April 19, 1996, the Court entered an Order Dismissing Case with Prejudice Pursuant to Section 109(g)(1), and notified the Freemans that they owed the United States Bankruptcy Court $165.00 for the balance of filing fee for their fourth dismissed case. The Freemans have never paid the balance.

### THE FIFTH CHAPTER 7 FILING

On October 23, 1996, four days after the six-month injunction expired, the Freemans filed yet another joint *pro se* voluntary chapter 7 petition, case number 96–57866, with a blank statement of financial affairs and with a disclosure of only one of their four prior bankruptcy filings: the fourth dismissed chapter 7 filing. The Freemans paid $10.00 toward the $175.00 filing fee, and filed another Application to Pay Filing Fee in Installments. The Freemans failed to attend the meeting of creditors on December 2, 1996; however, their continuance request was granted, and the meeting of creditors was rescheduled to January 27, 1997. At the December 12, 1996, hearing on the Application to Pay Filing Fee in Installments, the Freemans failed to appear, and the Court denied the Application. On December 18, 1996, the Court entered an order dismissing the Freemans' fifth case with prejudice based on their pattern of abusive filings.

### THE SIXTH CHAPTER 7 FILING

Approximately one month after the 180–day bar period expired, the Freemans filed on July 25, 1997, the instant *pro se* voluntary chapter 7 petition, case number 97–56789. On the first page of the petition, Mr. Freeman listed "Bobby Dexter Smith" as an additional name used within the last six years. Although Mr. Freeman is required to disclose all social security numbers if he has more than one, he failed to disclose the other social security number that he used in the fourth chapter 7 filing. The present chapter 7 filing lists only two prior filings: Mrs. Freeman's individual filing and the Freemans' third joint filing. The Freemans paid $10.00 toward the $175.00 filing fee, and filed an Application to Pay Filing Fee in Installments. The Freemans did not attend the meeting of creditors scheduled for September 2, 1997, and failed to pay the filing fee by the September 19, 1997, deadline. The meeting of creditors was rescheduled to October 27, 1997, at the Freemans' request; however, the Freemans failed to attend that meeting or satisfy the chapter 7 trustee's requirement that they notice the rescheduled meeting and file proof of service with the Court. To date, no installment payments have been made toward the filing fee, and the meeting of creditors has not been rescheduled.

On December 23, 1997, the Court entered an Order to Show Cause why the Freemans

should not be barred from further filings for two years, should not be sanctioned pursuant to Fed.R.Bankr.P. 9011, and should not have certain debts declared nondischargeable in future filings pursuant to § 349(a). At the January 22, 1998, hearing on the Order to Show Cause, Mrs. Freeman and Mr. Smith/ Mr. Freeman, who entered an appearance as Mr. Freeman, were present, and Michael P. O'Grady, Assistant United States Attorney, appeared on behalf of the Defense Finance and Accounting Services Center, the employer of Mrs. Freeman. The Court continued the hearing because the Freemans, unrepresented by counsel, expressed an interest in obtaining an attorney. On February 2, 1998, the Court entered an Amended Order to Show Cause that noted the Court was considering the bar of all future filings by the Freemans at the continued hearing on the Order to Show Cause. The Freemans failed to attend the February 17, 1998, continued hearing on the Order to Show Cause, and no counsel was present to represent their interests.

■ All bankruptcy filings must be in good faith. *In re Studio Five Clothing Stores, Inc.,* 192 B.R. 998, 1006–08 (Bankr. C.D.Cal.1996). Multiple filings are not *per se* prohibited; however, a debtor's history of filing and dismissals may be evidence of a bad-faith filing. *Id.* at 1007. Debtors act in good faith where they have complied with their statutory duties by appearing at the meeting of creditors, by paying the relevant filing fees, and by filing the statement of financial affairs and schedules. 11 U.S.C. §§ 343, 521; Fed.R.Bankr.P. 1006, 1007.

■ In order to prevent abuse of the bankruptcy process by bad-faith filings, courts have the authority to dismiss bankruptcy cases, enjoin future filings, and impose sanctions under §§ 105(a) and 109(g)(1), and permanently ban discharge of specific debts or a class of debts under § 349(a). *In re Cooper,* 153 B.R. 898 (D.Colo.1993) *aff'd.* 13 F.3d 404 (10th Cir.1993); *In re Jones,* 41

B.R. 263, 267 (Bankr.C.D.Cal.1984); *In re Leavitt,* 209 B.R. 935, 941–43 (9th Cir. BAP 1997). Based upon Fed.R.Bankr.P. 9011(a), courts are required to impose monetary sanctions on a debtor who has filed a petition for an improper purpose, which includes bad-faith filings. *In re Jones,* 41 B.R. at 267; *In re Geller,* 96 B.R. 564, 568–69 (Bankr.E.D.Pa. 1989). An indefinite bar from filing a bankruptcy petition within the United States at any time in the future has been imposed where debtors have flagrantly abused the bankruptcy process by failing to appear at the meeting of creditors, failing to accurately and completely execute their schedules and statement of financial affairs, by failing to list prior bankruptcy filings, and by altering their names and social security numbers. *In re Millers,* 90 B.R. 567, 568 (Bankr.S.D.Fla. 1988).

■ The Freemans have filed six *pro se* chapter 7 petitions over a two-and-one-half-year span and paid a combined total of $50.00 in filing fees. The Freemans appeared at only two of the hearings on the proposed dismissals of their chapter 7 case with prejudice, failed to attend any scheduled hearings on their Applications to Pay Filing Fee in Installments, and have made the Bankruptcy Court a significant creditor based upon their unpaid balance of filing fees totaling $980.00. Although the Freemans attended the hearing on the Order to Show Cause and requested a continuance, they failed to attend the continued hearing. The Freemans failed to file complete schedules and statement of affairs. Only Mr. Freeman has made himself available for one of the several scheduled or rescheduled meetings of creditors, and in that instance, the trustee was unable to adequately conduct an examination because the statement of financial affairs and schedules were not complete, and Mr. Freeman did not have any personal knowledge of the financial affairs.[1]

Based upon these facts, the Court concludes the Freemans have availed themselves

---

1. The following table serves as a stark illustration of the Freemans' abusive filing history:

| Date of Filing | Missing Schedules or Statement of Affairs | Amount of Filing Fee Paid | 341 Attendance Hearing | All Prior Filings Disclosed |
|---|---|---|---|---|
| 1. May 26, 1995 | yes | $0.00 | no | n/a |

of the equitable benefits provided by the Bankruptcy Code through multiple filings while ignoring their statutory duties, by failing to file complete statements of affairs and schedules, by failing to submit to an examination under oath at the meeting of creditors, and by failing to pay filing fees. The Freemans have failed to accurately disclose their prior bankruptcy filings in any of the four jointly-filed petitions and have used different names and social security numbers. The reprehensible conduct of the Freemans is indicative of their attempts to proceed without good faith and their continuous efforts to abuse the bankruptcy process. The Freemans obviously have not been deterred from their abusive filings where this Court has repeatedly restricted their ability to file another case; thus, the Court is convinced, absent extraordinary measures, the Freemans will continue to compromise the bankruptcy process.

In order to prevent future harm to the Freemans' creditors and to preserve the integrity of the bankruptcy process, it is **ORDERED** that the instant case be **DISMISSED WITH PREJUDICE** and Bobby Dexter Freeman and Brenda Joyce Freeman are **ENJOINED** from filing a bankruptcy petition, individually and/or jointly, anywhere in the United States, at any time in the future.

It is further **ORDERED** that the debts listed in the present filing are **PERMANENTLY EXCLUDED FROM DISCHARGE.**

It is further **ORDERED** that the Freemans are sanctioned pursuant to Fed. R.Bankr.P. 9011(a) and are required to pay the balance of filing fees from all their chapter 7 filings, totaling $980.00.

**IT IS SO ORDERED.**

| | | | | | |
|---|---|---|---|---|---|
| 2. | August 29, 1995 | yes | $10.00 | no | n/a |
| 3. | January 9, 1996 | yes | $10.00 | no | no |
| 4. | February 20, 1996 | yes | $10.00 | Mr. Freeman only | no |
| 5. | October 23, 1996 | yes | $10.00 | no | no |
| 6. | July 25, 1997 | yes | $10.00 | no | no |