**In re Magnus DURUJI, Debtor.**

No. 02–51794.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Jan. 15, 2003.

Louis F. Kort, Columbus, OH, for Debtor.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

Alexander G. Barkan, Columbus, OH, Assistant United States Trustee.

### ORDER GRANTING AMENDED MOTION TO DISMISS WITH PREJUDICE

CHARLES M. CALDWELL, Bankruptcy Judge.

This order addresses the Chapter 13 Trustee's ("Trustee") Amended Motion to Dismiss with Prejudice and the Memorandum Contra of Magnus Duruji ("Debtor"). The Trustee asserts that the Debtor has abused the bankruptcy system by failing to prosecute his three bankruptcy cases, and the Trustee seeks dismissal with a six-month bar to any subsequent filing. The Debtor opposes the dismissal only to the extent that it would prejudice his right to file bankruptcy in the future. The Court has determined that this case should be dismissed with prejudice for a period of six months. A brief history will illustrate the bases for this decision.

After being detained by the United States Immigration Service for nearly six months, the Debtor discovered that the majority of his assets had been lost. To rebuild his life, the Debtor began operating DJ Slammers Carry Out Restaurant in May 2001. Due to a lack of working capital and employee theft, however, the Debtor sought bankruptcy relief. On June 28, 2001, the Debtor, with Mr. Louis F. Kort ("Mr. Kort") as counsel, filed his first chapter 13 case (01–57636). On August 21, 2001, the Trustee filed a recommendation, noting issues regarding feasibility, the lack of rental income disclosure, and a budget for real estate taxes and insurance. On September 19, 2001, the Trustee filed a revised recommendation, noting many of the same issues. The Debtor's first case was dismissed, without confirmation, on September 27, 2001, for lack of payment.

On October 5, 2001, eight days after the first chapter 13 case was dismissed, the Debtor, with Mr. Kort again as counsel, filed his second chapter 13 case (01–61747). The filing did not include schedules, a statement of affairs, or a plan. On October 30, 2001, the Debtor filed a Motion for Leave to File Schedules, Statement of Financial Affairs, and Plan Instanter and Out of Rule, along with the schedules, a statement of financial affairs, and plan. Neither the Debtor's statement of financial affairs, nor the schedules, disclosed the existence of a second restaurant, Freedom Café, opened during the first case.

On November 13, 2001, the Trustee filed a recommendation noting, among other things, the Debtor's need to provide tax returns for the past three years, proof of separate business and personal accounts,

and verification of automobile and real estate insurance. At some point during the pendency of this second case, the Debtor's new restaurant began to experience problems. The Debtor's wife became ill, and there was employee theft. The second chapter 13 case was dismissed on February 7, 2002, again due to the Debtor's payment default.

On February 14, 2002, seven days after the dismissal of the second case, the Debtor filed a Motion for Reconsideration, along with a Request for an Expedited Disposition. At 9:00 a.m. on February 15, 2002, the Court held an expedited hearing. The Trustee declined to agree to the reinstatement of the case, due to the Debtor's inability to bring plan payments current, and the Motion for Reconsideration was not granted. Subsequently, at 12:04 p.m. on February 15, 2002, the Debtor filed his third and instant chapter 13 case (02–51794), with Mr. Kort again as counsel. The petition did not include a statement of financial affairs, schedules, or a plan. An Application to Pay Filing Fee in Installments, which did not contain the Debtor's signature, was filed along with the petition. On March 18, 2002, the Trustee filed a Motion to Dismiss, due to the Debtor's failure to file the required schedules and a plan.

The Debtor failed to appear at the March 20, 2002, meeting of creditors scheduled in the instant case, and failed to make the first statutory payment. On March 26, 2002, the Trustee filed an Amended Motion to Dismiss with Prejudice, asserting want of prosecution of the case, and abuse of the bankruptcy system. On April 8, 2002, the Debtor filed a Memorandum Contra objecting to the dismissal, only to the extent that it would be with prejudice.

This third case was scheduled for confirmation at 2:00 p.m. on May 13, 2002; however, at 1:48 p.m., only twelve minutes prior to the confirmation hearing, the Debtor filed a Notice of Conversion to Chapter 7, along with the statement of financial affairs and schedules. A chapter 7 trustee was appointed on May 14, 2002. On May 28, 2002, only fifteen days after the Debtor converted the case to chapter 7, the Court entered an Order Converting Case to a Case Under Chapter 13, at the request of the Debtor. The record indicates that the Debtor and Mr. Kort assumed that the restaurants could continue to operate under chapter 7, contrary to section 721 of the Code.

An Order Proposing the Dismissal of Bankruptcy Petition for Failure to Pay Filing Fees was entered on May 28, 2002. This Order required the Debtor to pay $138.75 within ten days of its entry. Approximately a month later, on June 26, 2002, the Debtor paid the balance of the filing fee. The Debtor filed a plan, amended schedules, and statement of financial affairs on June 28, 2002, almost thirty days after conversion to chapter 13. The Debtor's plan provided for a 1 percent dividend with an initial payment of $5.00, and $130.00 per month thereafter.

The July 3, 2002, 9:30 a.m. rescheduled meeting of creditors was not held due to the Debtor's late arrival. The Debtor testified that in the process of traveling to the meeting of creditors, he was informed that an employee would be unable to open one of the restaurants. After opening, the Debtor arrived late for the meeting of creditors. The Trustee declined the Debtor's request to allow the meeting of creditors to go forward. According to the Trustee, allowing the meeting to proceed after the scheduled time would have disrupted and delayed the docket.

The Trustee's Amended Motion to Dismiss with Prejudice was heard at the Debtor's September 17, 2002, confirmation

hearing. The Debtor testified that in an effort to comply with the Trustee's recommendations, he submitted his tax returns for the past three years to his attorney, but failed to establish separate business and personal accounts. The Debtor has made only one payment to the Trustee. He finds no further need to continue to make payments because the house he wished to retain has been lost. The Debtor testified that he is currently working with his creditors outside of bankruptcy.

■ The Court's analysis must begin with the fundamental concept that the bankruptcy process is designed to provide a financial fresh start to debtors acting in good faith. *In re Pike*, 258 B.R. 876, 880–881 (Bankr.S.D.Ohio 2001). Debtors have a statutory duty to attend the meeting of creditors, pay filing fees, file the statements of financial affairs, schedules and plans, and must adhere to all policies and the spirit of the United States Bankruptcy Code ("Code"). 11 U.S.C. §§ 343 and 521; Fed. R. Bankr.P. 1006, 1007, 4002; *In re Earl*, 140 B.R. 728, 734 (Bankr.N.D.Ind. 1992).

■ Section 1307(c) of the Code authorizes bankruptcy courts to dismiss chapter 13 cases for "cause." Once a dismissal determination has been made, the Court has the discretion to bar any future filings for a period of sixth months or longer, pursuant to sections 109(g)(1) and 349(a) of the Code. *See generally,* Kathleen P. March and Jennifer Hildebrandt, "Is Bankruptcy a Solution or a Way of Life: When Are Multiple Bankruptcies Permitted, When Are Multiple Bankruptcies Prohibited?", 25 Cal. Bankr.J. 104 (1999) ( the authors provide a detailed analysis of variety of multiple filing situations, and the appropriate judicial response). The party moving for the dismissal bears the burden of proof under section 1307(c). *In re Alt,* 305 F.3d 413, 420 (6th Cir.2002); *In re*

*Herrera,* 194 B.R. 178, 187 (Bankr.N.D.Ill. 1996).

■ Courts have held that a lack of good faith is "cause" for the dismissal of a case. *In re Herrera,* at 187–188; *In re Love,* 957 F.2d 1350, 1354 (7th Cir.1992); *In re Eisen,* 14 F.3d 469, 470 (9th Cir. 1994). A debtor displays "good faith" by complying with their statutory duties. *In re Freeman,* 224 B.R. 376, 379 (Bankr. S.D.Ohio 1998). In determining whether a debtor has filed a case in good faith, the court must consider the totality of the circumstances surrounding the filing, including the timing of the filing and the plan proposed. *In re Herrera,* at 187. As noted by one commentator, the "good faith" concept is a "... gatekeeping device, ... (that) protects the jurisdictional integrity of the bankruptcy courts and denies access to undeserving debtors." David S. Kennedy, "Treatment of Bad Faith and Abusive Filings in Individual Bankruptcy Cases and Related Matters," 9 J. Bankr.L. & Proc. 391, 393 (2000).

■ The bankruptcy court may dismiss a case with prejudice if the debtor willfully fails to, "abide by the orders of the court," or if the debtor fails to, "appear before the court in proper prosecution of the case." 11 U.S.C. § 109(g)(1). A court may find that a debtor has willfully failed to abide by its orders or prosecute the case, if the prior filing history includes a repeated pattern of dismissals and filings without a demonstration of a change in circumstances. *In re Pike,* at 882–883; *In re Nelkovski,* 46 B.R. 542, 544–545 (Bankr. N.D.Ill.1985).

■ The Court will dismiss this case with prejudice for several reasons. First, the Debtor has filed three chapter 13 petitions since June 28, 2001. None of the Debtor's cases have been confirmed, and he has failed to file the requisite schedules

and statement of affairs, or otherwise prosecute his cases in a timely manner. Second, the Debtor's first two chapter 13 cases were dismissed for failure to make payments. The Debtor has only made one payment of $5.00 in the instant case. Third, the Debtor's statement of financial affairs and schedules filed in the second case did not disclose the existence of the additional restaurant.

Fourth, in the instant case, the Trustee requested proof of separate business and personal accounts, and copies of tax returns for the past three years. To date, the Debtor has not provided the Trustee with this information. Finally, the Debtor failed to appear at the March 20, 2002, meeting of creditors, and failed to timely appear at the July 3, 2002, rescheduled meeting of creditors in the instant case.

All of these factors lead the Court to conclude that the Debtor has no appreciation of the significance of the remedy he has invoked and the resultant duties. The record demonstrates that the Debtor has consistently acted in an untimely manner, and in some instances has only responded after threat of dismissal.

For these reasons, the Court has concluded that the Debtor has not acted in good faith, and has failed to prosecute his multiple cases. His efforts have only served to stay creditor collections and impose an administrative burden upon the bankruptcy system, while failing to come forward with a viable plan of reorganization. Further, because the Debtor has failed to comply with the information requests from the Trustee, it is not clear whether all assets and liabilities have ever been fully disclosed.

Accordingly, the Trustee's Amended Motion to Dismiss With Prejudice is **GRANTED**.

It is further **ORDERED** that the Debtor shall be precluded from filing another bankruptcy case under any chapter and anywhere for a period of 180 days from entry of this Order. 11 U.S.C. §§ 109(g)(1), 349(a) and 1307(c).

**IT IS SO ORDERED.**