TRAVELERS INSURANCE
COMPANY, Appellant,

v.

DON–LIN FARMS, a partnership conducted by Donald R. Dennis, Linda L. Dennis and Donald L. Dennis, Appellee.

No. CIV–87–1256E.

United States District Court,
W.D. New York.

Aug. 17, 1988.

---

Edward J. Degnan, Canisteo, N.Y., for appellant.

Andrew J. Weidman, Paul S. Groschadl, Rochester, N.Y., for appellee.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

This case is here on appeal from the Bankruptcy Court following an Order by the Hon. Beryl E. McGuire granting the debtor's motion to dismiss its Chapter 11 case. See Order entered July 9, 1987, Bankruptcy file # 84–10302 M. The appellant now seeks to prevent the debtor from refiling under Chapter 12 by arguing that this Court should find that the dismissal should have been with prejudice.

Three issues are raised by the creditor-appellant Travelers Insurance Company. That regarding the bar imposed by 11 U.S.C. § 109(g)(2) against refiling under Chapter 12 within 180 days of a Chapter 11 dismissal is moot inasmuch as 180 days have passed.

The appellant also cites 11 U.S.C. § 349 entitled "Effect of dismissal". In its brief appellant concedes that few dismissals are with prejudice and that cause must be shown before this "severe sanction" will be imposed. Brief for Appellant Travelers Insurance Company, at 6. It argues however that cause exists in this case because the proposed Chapter 11 plan, filed nearly three years after filing for bankruptcy, is so skeletal that creditors could not properly evaluate it and because the proposed Chapter 12 plan submitted at the same time is no more workable. Neither of these proposals nor any findings by the Bankruptcy Court regarding them have been included in this record on appeal. The Order granting the debtor's motion to dismiss is a summary one, devoid of legal or factual conclusions and no transcript of the hearing May 1987 at which the motion was addressed has been provided for review. Although the record on appeal contains all documents designated for inclusion by the parties as required by Fed.R.Bankr.P. rule 8006, it does not satisfy the further directive of that rule that, "[t]he record on appeal shall include * * * any opinion, findings of fact, and conclusions of law of the court." This Court is unable on the record before it to determine upon which factual findings the Bankruptcy Court relied when declining to find "cause" to dismiss with prejudice. Without such determination, its decision cannot be put aside based on "clearly erroneous" factual conclusions.

Fed.R.Bankr.P. rule 8013; *In Re Pearson Bros. Co.*, 787 F.2d 1157, 1161 (7th Cir. 1986).

Finally, the appellant argues either that section 302(c) of the Family Farmer Bankruptcy Act of 1986 ("the Act") prevents a debtor who voluntarily dismisses a Chapter 11 case pending before the effective date of the Act [1] from refiling under Chapter 12 or that, if section 302(c) does permit selective refiling, such would be inappropriate in the instant case. The appellant has revealed that the intention to refile under Chapter 12 motivated the debtor to seek dismissal. Assuming this to be true still does not place the debtor's ability *vel non* to refile before this Court. If and when the debtor does so, the appellant may at that time bring an appropriate motion based upon the statutory arguments asserted here. The Bankruptcy Court's Order of dismissal is not *per se* contrary to the Act and no abuse of its discretion has otherwise been proven.

Accordingly, it is hereby ORDERED that the ORDER of dismissal entered July 9, 1987 is affirmed and that this appeal is dismissed.

---

1. The filing of this proceeding antedated the effective date of the Act—November 26, 1986—