In re Michael D. CAREY and
Cheryl A. Carey, Debtors.

Michael D. CAREY and Cheryl
A. Carey, Appellants,

v.

Richard ASKENASE, Standing Chapter
13 Trustee, and Source One Mortgage
Services Corporation, Appellees.

BAP No. MB 97–028.

United States Bankruptcy Appellate Panel
of the First Circuit.

May 6, 1998.

Gerald F. Williamson, Brockton, MA, for
Debtors/Appellants.

David G. Baker, Lawrence, MA, for Trustee/Appellee.

Laura L. Fitzgerald, Boston, MA, for
Creditor/Appellee.

Before VOTOLATO, Chief Judge and
LAMOUTTE and CARLO, Bankruptcy
Judges.

PER CURIAM.

Michael D. Carey and Cheryl A. Carey
("debtors") appeal from an order of the United States Bankruptcy Court for the District
of Massachusetts, dismissing their Chapter
13 petition pursuant to 11 U.S.C. § 109(g)(2).
The facts are not in dispute.

*I. Background*

The debtors filed a petition under Chapter
13 of the Bankruptcy Code on June 30, 1993.
The plan, which provided for payments over
a five year period, was confirmed on August
9, 1993. In September 1996, secured creditor Source One Bank ("Source One") obtained relief from the automatic stay because
the debtors were in arrears in their mortgage payments. The debtors subsequently
cured the arrearage. Source One filed a
motion to vacate the order granting relief
from stay, which was granted. The debtors
later sought a voluntary dismissal of their
Chapter 13 case which was also granted on
April 30, 1997, but subject to the restrictions
of 11 U.S.C. § 109(g)(2). The debtors filed a
motion to reconsider, which was denied on
May 14, 1997, and the debtors appealed.
Source One also filed a brief with this Panel
supporting the debtors' request for reversal
of the bankruptcy court's order.

*II. Discussion*

The Bankruptcy Code provides that:

[n]otwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—... (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g)(2). Generally, based on a dismissal pursuant to this section, a debtor is ineligible for relief under the Bankruptcy Code for a period of 180 days.

"Mootness in bankruptcy appellate proceedings, as elsewhere, is premised on jurisdictional and equitable considerations stemming from the impracticability of fashioning fair and effective relief." *Rochman v. Northeast Utilities Service Group (In re Public Service Company of New Hampshire)*, 963 F.2d 469, 471 (1st Cir.1992) (citations omitted). There are constitutional limitations imposed on the exercise of Article III judicial power, *id.*, and an actual case or controversy must exist at every stage of the appellate proceedings. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 117 S.Ct. 1055, 1068, 137 L.Ed.2d 170 (1997).

■ The present case was dismissed on May 14, 1997, and the debtors did not seek a stay of the order of dismissal. Presently, more than 180 days have passed since the order of dismissal. We therefore conclude that since any injunction against refiling has expired, there is presently no reviewable controversy. See *In re Frieouf*, 938 F.2d 1099 (10th Cir.1991), *cert. denied*, 502 U.S. 1091, 1103, 112 S.Ct. 1161, 117 L.Ed.2d 408 (1992)(a bankruptcy court's denial of all access to bankruptcy relief for 180 days is not reviewable after the 180 days have passed). Therefore, we conclude here that the issue raised by the debtors and Source One on appeal is moot, as the bar period has expired.

■ An exception to the mootness doctrine exists when an issue between the parties is capable of repetition, yet evading review. The Supreme Court has stated that:

[w]e have permitted suits for prospective relief to go forward despite abatement of the underlying injury only in the "exceptional situations," *Los Angeles v. Lyons*, 461 U.S., at 109, 103 S.Ct., at 1669, where the following two circumstances were simultaneously present: " '(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.' " *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (*per curiam*) (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975)).

*Lewis v. Continental Bank Corp.*, 494 U.S. 472, 110 S.Ct. 1249, 1255, 108 L.Ed.2d 400 (1990). The debtors have not demonstrated a reasonable expectation that they will file for bankruptcy in the future; that a secured creditor will obtain relief from stay; that the order granting relief from stay will be vacated; that the debtors will thereafter seek voluntary dismissal; and that the court will dismiss the case subject to the restrictions of 11 U.S.C. § 109(g)(2). Additionally, the debtors could have requested a stay pending appeal, which would have allowed us to consider the appeal prior to the expiration of the injunction against refiling. See *Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co., v. Official Comm. Of Unsecured Creditors of LTV Steel Co. (In re Chateaugay Corp.)*, 988 F.2d 322, 325–26 (2nd Cir.1993) (mootness in light of failure to seek stay "especially pertinent in bankruptcy proceedings") (citing as examples *In re Stadium Management Corp.*, 895 F.2d 845, 848 (1st Cir.1990); and *In re Public Service Co. of New Hampshire*, 963 F.2d 469, 471–72 (1st Cir.) (equitable considerations reflecting "the important public policy favoring orderly reorganization and settlement of debtor estates" may render an appeal moot), *cert. denied*, 506 U.S. 908, 113 S.Ct. 304, 121 L.Ed.2d 226 (1992)). We see no reason to conclude that a future case could not obtain complete appellate review and thus we conclude that the issue presented does not fall within the exception to the mootness doctrine.

Accordingly, the appeal is dismissed as moot.

SO ORDERED.