# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

---

**BAP NO. MB 99-083**

---

**IN RE: PETER A. FUCCIONE,**
**Debtor.**

---

**PETER A. FUCCIONE,**
**Appellant,**

**v.**

**DOREEN A. SOLOMON, CHAPTER 13 TRUSTEE,**
**UNITED STATES TRUSTEE, and DANIEL S. BLECK, ESQ.,**
**Appellees.**

---

**Appeal from the United States Bankruptcy Court**
**for the District of Massachusetts**
**(Hon. Carol J. Kenner, U.S. Bankruptcy Judge)**

---

**Before**
**GOODMAN, HAINES AND CARLO, U.S. Bankruptcy Judges**

---

Leonard A. Frisoli and Frisoli & Associates, on brief for Appellant.

---

**February 24, 2000**

---

**Per Curiam.**

The Debtor, John R. Fuccione, appeals from the July 26, 1999 bankruptcy court order that dismissed his case pursuant to 11 U.S.C. §109(g) and from the August 30, 1999 order that denied the debtor's motion to vacate the dismissal.[1]  For the reasons set forth below, the July 26, 1999 order is vacated and the matter is remanded for an evidentiary hearing on the issue of whether Fuccione willfully failed to comply with orders of the bankruptcy court, or otherwise engaged in conduct violative of 11 U.S.C. §109(g) such that he should be precluded from refiling another petition for 180 days.

I.    Background.

The Debtor alleges that he, John Cote, and Steven Hurley are trustees and beneficiaries of the Genoa Realty Trust.  Each filed separate bankruptcy cases.[2]    The cases of Cote and Fuccione were assigned to Judge Kenner.  Hurley's case was assigned to Judge Feeney.  Fuccione filed his Chapter 13 petition on June 14, 1999, but did not file his Chapter 13 plan, Schedules and Statement of Financial Affairs.  See Order Dismissing Case, July 26, 1999. The bankruptcy court ordered Fuccione to file these documents by June 29, 1999.  Prior to the expiration of the deadline, Fuccione

---

[1]    Because Fuccione filed a motion to vacate and/or alter the dismissal order, the dismissal did not become final until August 30, 1999.  Since 180 days have not yet passed, the appeal is not moot.  Carey v. Askenase (*In re Carey*), 221 B.R. 571, 572 (B.A.P. 1st Cir. 1998).

[2]    John Cote dba Genoa Realty Trust ("Cote") filed Case No. 99-15018; Peter Fuccione dba Genoa Realty Trust ("Fuccione") filed Case No. 99-15019; and Steven M. Hurley dba Genoa Realty Trust ("Hurley") filed Case No. 99-15045.

filed a motion to extend the time for filing these documents. Judge Kenner endorsed the motion on July 1, 1999, extending the time for filing to July 16, 1999.[3] Prior to the expiration of the extended deadline, Fuccione filed a pleading titled "Motion for Joint Administration Pursuant to Rule 1015 and Additional Time to File Plan." This pleading was filed with a caption containing all three case numbers, (App. at 5), but apparently was not entered on the docket in the two cases assigned to Judge Kenner.[4] On July 22, 1999, the motion was filed again, with a separate caption for the Fuccione case. The July 22, 1999 re-filed motion was denied without hearing by an endorsed order entered by Judge Kenner on July 26, 1999. (App. at 7).

At the same time the Fuccione motion for joint administration was being considered without hearing by Judge Kenner, Judge Feeney had scheduled the Hurley motion for joint administration for hearing on July 26, 1999, at 2:15 p.m. (App. at 8). Prior to the Hurley hearing, on July 26, 1999, Judge Kenner denied the Fuccione motion for joint administration and motion to extend time without notice to any of the parties or

---

[3] Specifically, the endorsement states "Allowed in part. The time is extended to 7/16/99. No further extensions." July 1, 1999 endorsement. (App. at 4).

[4] The July 16, 1999 motion was the first one filed, and had a caption that contained the names and case numbers of the three cases that were the subject of the motion for joint administration. Ironically, even though this pleading does not appear to have been docketed in Fuccione's case because it utilized this multiple case caption, the bankruptcy court utilized the same multiple case caption when it denied Fuccione's motion to vacate the dismissal. (App. at 2).

3

opportunity for hearing.  By separate order on the same date,

Judge Kenner dismissed Fuccione's case pursuant to 11 U.S.C.

§109(g) concluding that Fuccione had "failed to comply with the

Court order to file the Chapter 13 plan."  See Order Dismissing

Case, July 26, 1999. (App. at 1).

II.  The Appeal.

The bankruptcy court dismissed Fuccione's case pursuant to

11 U.S.C. 109(g), which provides, in relevant part:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if-
>
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; ...

11 U.S.C. §109(g)(1).[5]

Fuccione argues that there was no evidence that he willfully

failed to abide by orders of the bankruptcy court.  The complete

text of the bankruptcy court order, including all findings of

fact and conclusions of law, is as follows:

> Debtor filed a chapter 13 petition on June 14, 1999, but failed to file his chapter 13 Plan and Schedules and Statement of Affairs.  The Court then ordered the Debtor to file those documents by June 29, 1999.  By motion filed June 25, 1999, the Debtor sought an extension of time to comply with the order;

---

[5]   The bankruptcy court did not specifically reference section 109(g)(1), but the court's conclusion that the debtor failed to comply with court orders implicates only section 11 U.S.C. § 109(g)(1).

4

> the Court endorsed the motion on July 1, 1999
> as follows: "Allowed in part - the time is
> extended to July 16, 1999 at 4 PM. No further
> extensions."
> The Debtor filed the Schedules and
> Statement on July 16, 1999, but no Chapter 13
> Plan. To date, the Debtor has failed to file
> his Chapter 13 Plan.
> On July 22, almost a week after his
> chapter 13 Plan was due, the Debtor filed a
> motion for additional time to file his plan,
> saying he needed more time to 'sort out
> Debtors (sic) financial affairs.' Atlantic
> Bank and Trust Company, a large secured
> creditor, opposed that motion. The Court
> denied that motion because the Debtor failed
> to demonstrate any basis for a further
> extension of time.
> Based on Debtor's failure to comply with
> the Court order to file the Chapter 13 Plan,
> this case is hereby DISMISSED pursuant to
> section 109(g).

Order Dismissing Case, July 26, 1999.

"Willful" is not defined in the statute, but, at a minimum, that determination should not be made without notice to the debtor and an opportunity for hearing. Once the bankruptcy court concluded that the Debtor appeared to have failed to abide by the court's prior orders, Fuccione was entitled to an opportunity to present evidence to justify the alleged failures.

There was no notice to Fuccione that dismissal with prejudice pursuant to 11 U.S.C. §109(g)(1) might be a sanction for his failure to file a plan by the previously extended deadline. It appears that the bankruptcy court relied on the Debtor's failure to have filed a plan by the extended deadline of July 16, 1999. However, the Debtor's motion to vacate the dismissal suggests that the Debtor's July 16, 1999 Motion for

5

Joint Administration Pursuant to Rule 1015 and Additional Time to File Plan, (App. at 5), extended the deadline, at least until the Debtor had notice of the denial of that motion. The endorsement denying this motion was entered July 26, 1999, the same day the bankruptcy court dismissed the Debtor's case for failure to file the plan.

If we assume that the denial of the motion to extend the deadline triggered the deadline for Fuccione to file his Chapter 13 plan, we cannot imagine how Fuccione could have reasonably known of the denial of the extension prior to the dismissal of his case. If Fuccione didn't know of the denial of the extension, he did not know that he had an immediate obligation to file his plan. Because the Debtor did not have notice and an opportunity to be heard, there is no record from which this panel could affirm the bankruptcy court's conclusion that the Debtor's conduct was a willful violation of a court order.

III. Conclusion.

We VACATE only that portion of the July 26, 1999 order that dismissed Fuccione's case pursuant to 11 U.S.C.§109(g) and REMAND the matter to the bankruptcy court for further proceedings consistent with this decision.