ORDER
A bankruptcy court found that debtor Benedict Reischel had willfully disobeyed the court’s orders and dismissed his case; as a result Reischel was subject to a 180-day restriction against refiling. Reischel appealed to the district court and unsuccessfully challenged the willfulness finding that triggered the filing bar, and now seeks further review in this court. Because the 180-day bar has expired, we vacate the district court’s judgment and remand with instructions to dismiss Reischel’s appeal from the bankruptcy court’s order.
Reischel filed a voluntary petition under Chapter 13 of the Bankruptcy Code, which he later converted to a case under Chapter 7. When Reischel failed to appear for a meeting of creditors, the Chapter 7 trustee moved to dismiss the case. Reischel objected, and a hearing on the trustee’s motion was scheduled. Reischel obtained one *869 postponement, but the bankruptcy court denied his second attempt to have the hearing deferred. When Reischel once again failed to appear on September 5, 2002 (to oppose the motion to dismiss) the bankruptcy court dismissed the case from the bench and orally found that Reischel willfully failed to abide by its orders to appear. Later that day the court entered a written order of dismissal that makes no mention of willfulness. Then on September 11, 2002, the bankruptcy court entered a minute order incorporating its September 5 oral findings and concluding, based on the willfulness finding, that 11 U.S.C. § 109(g)(1) barred Reischel from refiling for bankruptcy for a period of 180 days. The 180-day bar began to run in September 2002, and expired on its own in March 2003.
Initially, Reischel filed notices of appeal from both the September 5 and the September 11 orders. However, Reischel later was allowed to withdraw his appeal as to the earlier order, leaving intact his appeal of the September 11 order, which included the willfulness finding. In both his motion to withdraw the first notice of appeal, as well as his appellate brief with respect to the September 11 order, Reischel was explicit that he wanted to challenge only the willfulness finding and not the dismissal itself. The district judge ultimately concluded that the bankruptcy court had acted within its authority and that Reischel’s pattern of conduct showed his intentional disregard for his duties as a Chapter 7 debtor. Reischel now appeals the district court’s decision.
At the time the district court entered its order, the 180-day bar, the only subject of the appeal, had already expired. Expiration of the 180-day bar moots any challenge to the specific findings that triggered application of the bar. In re Frieouf, 938 F.2d 1099 (10th Cir.1991) (citing Travelers Ins. Co. v. Don-Lin Farms, 90 B.R. 48 (W.D.N.Y.1988)); see also In re Tolbert, 255 B.R. 214, 217 (B.A.P. 8th Cir. 2000); In re Carey, 221 B.R. 571, 572 (B.A.P. 1st Cir.1998). Because a valid case or controversy must exist at all stages of appellate review, the judgment of the district court is vacated, and the case is remanded with the direction that Reischel’s appeal of the bankruptcy court’s ruling be dismissed as moot. See United States v. Munsingwear, Inc., 340 U.S. 36, 40, 71 S.Ct. 104, 95 L.Ed. 36 (1950); Kinney v. Fed. Security, Inc., 272 F.3d 924, 925 (7th Cir.2001).
VACATED and REMANDED.