**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 29, 2007[*]
Decided April 2, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-3301

| | |
|---|---|
| BENEDICT J. REISCHEL,<br> *Debtor-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 03-C-286 |
| MANUFACTURERS & TRADERS TRUST COMPANY,<br> *Creditor-Appellee.* | Rudolph T. Randa,<br> *Chief Judge.* |

**O R D E R**

Benedict Reischel filed a petition for bankruptcy in violation of a 180-day filing bar that a bankruptcy court had entered after he willfully failed to prosecute a previous bankruptcy petition. Manufacturers & Traders Trust Company ("Manufacturers"), one of Reischel's creditors, argued that this violation justified relief from the automatic stay on its mortgage foreclosure. The court agreed, lifted the stay, and then dismissed Reischel's petition. He appealed and the district court

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

affirmed.  Because Reischel's petition violated the bankruptcy court's injunction, we also affirm.

Reischel has twice filed for protection under the Bankruptcy Code.  His first petition was dismissed on September 11, 2002 after he failed to appear both at the meeting of creditors and at a hearing to oppose a motion to dismiss the case.  The bankruptcy court found that Reischel willfully failed to obey court orders and to prosecute his case.  Based on this finding, the court barred Reischel from refiling for bankruptcy for a period of 180 days.  *See* 11 U.S.C. § 109(g)(1).  Reischel appealed the imposition of the 180-day bar and, after the bar had expired, the district court affirmed.  In September 2004 we vacated the district court's affirmance because Reischel's appeal had become moot when the bar expired.  *See In re Reischel,* No. 03-4128 (7th Cir. Sept. 24, 2004).

In the meantime, in February 2003—a month before the bar expired—Reischel filed his second bankruptcy petition.  Manufacturers responded with an emergency motion for relief from the automatic stay so that it could foreclose on a mortgage it held on Reischel's home.  On February 21, 2003, when Reischel failed to appear at a telephonic conference scheduled to rule on the motion, the bankruptcy court determined that the petition violated the 180-day bar and thus constituted "cause" to lift the automatic stay.  *See* 11 U.S.C. § 362(d).   The state-court foreclosure action was confirmed a few days later.  The court then held a hearing on March 13th to rule on whether the petition should be dismissed.  When Reischel failed to appear at that hearing, the bankruptcy court dismissed his case under § 109(g) because the petition had been filed during the 180-day bar.

Reischel appealed to the district court both the February 21st decision to lift the automatic stay and the March 13th dismissal of his petition.  In affirming both orders, the district judge agreed that violating the 180-day bar constituted cause to lift the automatic stay and grounds to dismiss the petition.

We note at the outset that, contrary to Reischel's claim, this appeal is not moot merely because the 180-day bar has expired.  Manufacturers (having obtained relief from the automatic stay) foreclosed on Reischel's home a month before the bar expired.  Because a decision in Reischel's favor could affect the foreclosure sale, his appeal is not moot.  *See Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990); *Brown v. Bartholomew Consol. Sch. Corp.,* 442 F.3d 588, 596 (7th Cir. 2006); *Cf. In re Resource Tech. Corp.,* 430 F.3d 884, 886-87 (7th Cir. 2005) (finding justiciable review of decision to approve settlement even though resulting transaction was complete and "unscrambling [it] might be difficult" because that nonetheless could be done) *cert. denied,* 127 S.Ct. 43 (2006).

We therefore take up the merits.  We review the bankruptcy court's rulings for an abuse of discretion and its underlying factual findings for clear error.  *See Colon v. Option One Mortgage,* 319 F.3d 912, 916 (7th Cir. 2003); *In re Hall,* 304 F.3d 743, 746 (7th Cir. 2002).  Reischel argues that the bankruptcy court erred by lifting the automatic stay because Manufacturers failed to serve him with the emergency motion and notice of the hearing in an appropriate and timely manner.

Reischel is mistaken.  Relief from the automatic stay must be requested by motion and the debtor must be afforded "reasonable notice and opportunity" for a hearing.  *See* Fed. R. Bankr. P. 4001(a)(1); 9014(a).  That motion and notice may be served by sending copies via first class mail to the address that the debtor designated in his petition.  *See id.* 9014(b); 7004(b)(9).  The bankruptcy court found, not clearly erroneously, that Manufacturers complied fully with these mandates.  Reischel takes issue that the hearing occurred only three days after Manufacturers filed its motion, not the five days suggested by  Fed. R. Bankr. P. 9006(d).  But the court may fix a different time period—even by an *ex parte* order.  *See id.*  And there is no reason to regard the three-day period here as an abuse of discretion, especially considering that the court scheduled a telephonic hearing.  In addition, the bankruptcy court's decision to lift the stay was itself not an abuse of discretion given the undisputed violation of the 180-day filing bar, and Reischel does not argue otherwise.  (Reischel says only his filing was "inadvertent" but the injunction did not permit accidental filings).

Reischel's arguments about the dismissal of his petition are equally unavailing.  He contends that we erred in not reviewing his previous challenge to the 180-day bar by deeming the appeal moot.  But the mootness ruling is not open for reexamination.  Although a dismissal based on justiciability grounds does not bar later litigation of the merits, the dismissal does have *res judicata* effects as to the justiciability issue itself.  *See DiGiore v. Ryan,* 172 F.3d 454, 466 (7th Cir. 1999) *overruled on other grounds by Whetsel v. Network Prop. Servs., LLC,* 246 F.3d 897 (7th Cir. 2001); *Bunker Ramo Corp. v. United Bus. Forms, Inc.*, 713 F.2d 1272, 1277 (7th Cir. 1983) .  Reischel could, then, argue only that dismissal of his second petition was improper because the bankruptcy court abused its discretion in imposing the bar when it dismissed the first petition.  But Reischel makes no such argument and, in any event, his repeated failure to attend meetings and hearings constitutes precisely the type of behavior contemplated by § 109(g) that justifies imposing a filing bar.  *See* 11 U.S.C. § 109(g)(1); *In re Montgomery,* 37 F.3d 413, 415-16 (8th Cir. 1994).

Reischel lastly asserts that we lack the authority to affirm the bankruptcy court's dismissal because the United States Trustee's Office opted not to participate in this appeal.  Our jurisdiction is not dependent on that Office's participation but rather the undisputed finality of the district court's disposition.  28 U.S.C. § 1291.

Reischel has also filed a motion to supplement the record, which we deny as unnecessary because the documents he refers to are already in the record. In any event, the argument that he wishes to advance based on the documents has been forfeited because he did not raise the argument below. *See Republic Tobacco Co. v. North Atlantic Trading Co., Inc.,* 381 F.3d 717, 728 (7th Cir. 2004).

The judgment is AFFIRMED.