FILED
U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

June 7, 2019

Blaine F. Bates
Clerk

NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

_____

IN RE SHERWIN V. KOYLE,

Debtor.

_____

SHERWIN V. KOYLE,

Appellant,

v.

LON A. JENKINS, Chapter 13 Trustee and
WELLS FARGO BANK, N.A.,

Appellees.

BAP No. UT-18-101

Bankr. No. 18-25827
Chapter 13

OPINION

_____

Appeal from the United States Bankruptcy Court
for the District of Utah

_____

Submitted on the briefs.**

_____

Before **ROMERO**, **JACOBVITZ**, and **MCNAMARA**,[1] Bankruptcy Judges.

_____

\* This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

\*\* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. Bankr. P. 8019(b). The case is therefore ordered submitted without oral argument.

[1] Thomas B. McNamara, Bankruptcy Judge, United States Bankruptcy Court for the District of Colorado, sitting by designation.

_____

**MCNAMARA**, Bankruptcy Judge.

_____

Debtor-Appellant Sherwin V. Koyle (the "Debtor-Appellant") filed for protection under Chapter 13 of the Bankruptcy Code. Thereafter, the Chapter 13 Trustee moved to dismiss the bankruptcy case for lack of good faith.[2] The Debtor-Appellant opposed dismissal.[3] After notice to the parties, the bankruptcy court conducted a hearing on the dismissal issue; however, the Debtor-Appellant failed to show up and participate.[4] Exactly what happened at the hearing is a bit of an appellate mystery since the Debtor-Appellant did not include a transcript of the hearing in the record on appeal. However, shortly after the hearing (on November 27, 2018), the bankruptcy court entered an order dismissing the bankruptcy case.[5] Relying on 11 U.S.C. § 109(g), the bankruptcy court also imposed "a bar to refiling any petition for 180-days beginning November 8, 2018 [the date of the hearing]."[6] The Debtor-Appellant appealed. He did not contest dismissal of his bankruptcy case. Instead, he took issue only with the 180-day bar imposed on refiling another bankruptcy case.[7] He did not request a stay of such injunction.

---

[2]     Appellant's App. at 11.
[3]     Appellant's App. at 21.
[4]     Appellant's App. at 2; Appellant's Br. 6.
[5]     Appellant's App. at 1.
[6]     Appellant's App. at 2.
[7]     Appellant's Br. 3 ("Appellant requests that the Court reverse the _Order Granting Motion to Dismiss with Prejudice_ issued on November 27, 2018 . . . pursuant to 11 U.S.C. § 109(g) regarding a bar to refiling any petition for 180 days beginning November 8, 2018, and ending May 7, 2019. Appellant requests that the bar only be lifted.").

Both the Debtor-Appellant and the Appellees, Lon Jenkins, Chapter 13 Trustee, and Wells Fargo Bank, N.A., agree that the 180-day prohibition against the Debtor-Appellant refiling for bankruptcy protection expired on May 7, 2019. Today is June 7, 2019. Because the bankruptcy court's injunction expired a month ago, that is the end of the appeal. There is nothing for us to do. Binding appellate precedent dictates that the bankruptcy court's injunction "is not reviewable inasmuch as 180 days have passed."[8] So, the Debtor-Appellant can try bankruptcy again — provided that all other requirements are met — any time he wishes.[9] Accordingly, the appeal is dismissed as moot.

---

[8] *Frieouf v. United States (In re Frieouf)*, 938 F.2d 1099, 1104 (10th Cir. 1991) (citing *Travelers Ins. Co. v. Don-Lin Farms*, 90 B.R. 48 (W.D.N.Y. 1988)). *See also Carey v. Askenase (In re Carey)*, 221 B.R. 571, 572 (1st Cir. BAP 1998) ("[S]ince any injunction against refiling has expired, there is presently no reviewable controversy." (citing *In re Frieouf*, 938 F.2d 1099)); *Miller v. Deutsche Bank Nat'l Tr. Co. (In re Miller)*, No. 14-cv-03112-MSK, 2015 WL 13216407, at *4 (D. Colo. Aug. 7, 2015) (same).

[9] 11 U.S.C. § 362(c)(3) may limit the duration of the automatic stay for a debtor's successive bankruptcy filing within a one year period.